# DECLARATION OF THOMAS R. KAUFMAN

## DECLARATION OF THOMAS R. KAUFMAN

I, Thomas R. Kaufman, hereby declare and state:

1. I am an attorney licensed to practice before all courts in the State of California and am a Partner with the law firm Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Manheim Investments, Inc. and Cox Enterprises, Inc. I have personal knowledge of the matters set forth herein and I could and would testify competently thereto, if called upon to do so.

2. On or about December 22, 2011, Plaintiff Jose Ibarra ("Plaintiff") commenced a lawsuit in San Diego Superior Court entitled, *Jose Ibarra v. Manheim Investments, Inc. et al.*, Case No. 37-2011-00102889-CU-OE-CTL (hereinafter the "State Court Action"). On or about February 7, 2012, Defendants timely and properly removed this case to federal court.

3. More than one year later, on February 26, 2013, the Court remanded the case to the Superior Court for the Superior Court for the State of California, County of San Diego. Attached hereto as **Exhibit "A"** is a true and correct copy of the Court's Remand Order, issued on February 26, 2013

4. Defendants have removed this case a second time based on the issuance of a new United States Supreme Court decision, *Standard Fire Ins. Co. v. Knowles*, __ S.Ct. __, 2013 WL 1104735 (U.S. March 19, 2013), which reversed the decision upon which the Court relied in granting the remand order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 9, 2013, at Los Angeles, California.

_____
THOMAS R. KAUFMAN

-1-

SMRH:404586331.2     DECLARATION OF THOMAS KAUFMAN

089

# EXHIBIT A TO DECLARATION OF THOMAS R. KAUFMAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. IBARRA, an individual; and ROES 1-50 on behalf of themselves and in a representative capacity for all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>MANHEIM INVESTMENTS, INC., a Nevada Corporation; COX ENTERPRISES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Civil No.  12cv318-CAB (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING REQUEST FOR ATTORNEYS FEES, AND DENYING MOTIONS TO DISMISS AS MOOT**<br><br>**[Doc. Nos. 6, 7, 10]** |

Before the Court is Plaintiffs' Motion to Remand this matter to California Superior Court and request for attorneys' fees due to improper removal. [Doc. No. 10.] Defendants opposed the motion [Doc. No. 12,] and Plaintiffs replied. [Doc No. 13.] The Court found the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). [Doc. No. 14.] Upon consideration of the briefing of the parties, and for the reasons stated below, the Motion to Remand is **GRANTED**, but the request for attorneys' fees is **DENIED**. Also pending before the Court are two motions to dismiss [Doc. Nos. 6, 7.] The Court vacated the hearing on those motions pending resolution of the motion to remand. [Doc. No. 11.] As set forth below, those motions are hereby **DENIED AS MOOT.**

Exhibit A
090

### I. BACKGROUND

According to Plaintiff, Defendants are the world's largest provider of vehicle remarketing services, and buy and sell used vehicles at live auctions and online. [Doc. No. 1-1 ("Compl.") at ¶ 19.] Plaintiff filed the instant action in California Superior Court, on behalf of himself and others similarly situated, alleging that Defendants engaged in a systematic scheme of wage abuse against their Non-Exempt employees in California, and seeking relief from Defendants for various California Labor Code violations, Unfair Business Practices, and other common law claims. Plaintiff brought the action as a representative action pursuant to Cal. Bus. & Prof. Code §§ 17000- 17200, *et seq.*, and as a class action. [Compl., ¶ 4.]The Complaint specifically alleges that "The aggregate claims of the individual class members do not exceed the $5,000,000 jurisdictional threshold for federal court under the Class Action Fairness Act." [Compl., ¶ 17.]

Defendants removed the matter to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332 (d). [Doc. No. 1.] Plaintiffs move to remand on the basis that the Court lacks subject matter jurisdiction over this matter because Plaintiffs have specifically alleged that the aggregate claims of the individual class members do not exceed $5,000,000, and Defendants have failed to meet their burden to establish that the amount in controversy exceeds that amount to a legal certainty. *See Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007).

### II. ANALYSIS

CAFA provides district courts with original jurisdiction over any class action in which (1) the amount in controversy exceeds the aggregate sum of five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant (*i.e.*, minimal diversity), and (3) the number of plaintiffs in the class is at least 100. 28 U.S.C. § 1332(d)(2), (5), and (6). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441; *Franchise Tax Bd. v. Constr. Laborers*

1  *Vacation Trust*, 463 U.6S. 1, 7-8 (1983). Federal courts are courts of limited jurisdiction,
2  however, and the burden of establishing federal jurisdiction for purposes of removal lies
3  with the party seeking removal, including the burden of proving the applicable amount in
4  controversy. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

5      The parties disagree as to the appropriate burden of proof the Defendants must meet
6  in order to establish that the $5,000,000 amount in controversy is met here. If it is "unclear
7  or ambiguous from the face of a state-court complaint whether the requisite amount in
8  controversy is pled[,] ... a preponderance of the evidence standard" applies. *Guglielmino v.*
9  *McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life*
10 *Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996)). If, however, "a state-court complaint
11 affirmatively alleges that the amount in controversy is less than the jurisdictional threshold,
12 the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional
13 amount is met.' " *Id.* (quoting *Lowdermilk*, 479 F.3d at 1000).

14     Here, because the complaint expressly alleges that the aggregate claims of the class
15 are less than the jurisdictional threshold, the Court finds that the legal certainty standard
16 applies here. [Compl., ¶ 19.]  While such a standard "sets a high bar for a party seeking
17 removal, ... it is not insurmountable." *Lowdermilk*, 479 F.3d at 1000.  To meet the legal
18 certainty requirement, Defendants must produce enough "concrete evidence," from which
19 the Court "to estimate with certainty the actual amount in controversy." *Id.* at 1001. The
20 Court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture."*Id.* at
21 1002.

22     The amount-in-controversy requirement may be satisfied by claims of general and
23 specific damages, punitive damages, and attorney's fees (if authorized by statute or contract).
24 *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The propriety of removal is
25 usually determined solely on the basis of pleadings filed in state court. *Williams v. Costco*
26 *Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). A defendant must set forth the
27 underlying facts supporting its assertion that the amount in controversy exceeds the statutory
28 minimum. *Gaus*, 980 F.2d at 567. In addition to the contents of the removal petition, the

Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted). Allegations based on unsupported assumptions fail to pass the test. *Bolton v. U.S. Nursing Corp.*, Case No. C 12-04466 LB, 2012 WL 5269738 (N.D. Cal. Oct. 23, 2012).

In support of removal, Defendants submit the declaration of Denis Nazaernkov, the regional human resources director for the Western Region of Manheim Investments, Inc., a subsidiary of Defendant Cox Enterprises, Inc. [Doc. No. 1 at 11-13.] Mr. Nazarenkov declares that he reviewed the payroll data from which he determined that Defendant Manheim currently employs approximately 993 non-exempt employees in California, and there were approximately 1,901 non-exempt employees who worked for Manheim in California during the relevant time period. *Id.*, ¶ 6(a). He also determined that the average wage for non-exempt employees in California was at least $11.66, and that such employees worked the equivalent of approximately 96,224 work weeks during the relevant time period. *Id.*, ¶ 6(c)(d).

Because the complaint does not specifically allege the amount of unpaid "off-the-clock" hours worked, the number of meal and rest break violations, inaccurate wage statement violations, or waiting time penalties, the Defendants made their own assumptions as to the frequency of such violations in order to ascertain an amount in controversy. While Defendants declare such assumptions to be "conservative," they do not provide the Court with evidence that would allow it to verify that characterization. Specifically, Defendants do not provide evidence as to the average number of days per week or hours per shift the putative class members worked. Accordingly, as Plaintiff points out, some of the class members may have only worked four hour shifts and thus would not be eligible for meal periods. Or some could have only worked one day per week, thus invalidating Defendants' assumption that each class member missed to two meal and rest periods per week.

In light of the missing evidence, the Court cannot conclude to a legal certainty that the amount in controversy exceeds $5,000,000 in light of Plaintiff's express allegation to

4                                                                                                   12cv108

Exhibit A
093

the contrary in his complaint. [Compl., ¶ 19.] *See Ray v. Nordstrom,* Case No. 11cv7877, 2011 WL 6148668 (C.D. Cal. December 9, 2011) (remanding case and finding Defendants did not even meet preponderance of the evidence standard where defendant failed to demonstrate that the complaint supported defendant's assumptions, and did not support assumptions with its own evidence.) Indeed, Plaintiff is the master of his complaint, and the Ninth Circuit adopted the legal certainty standard of proof in order to "guard the presumption against federal jurisdiction and preserve the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court." *Lowdermilk*, 479 F.3d at 999. *See also Guglielmino*, 506 F.3d at 700.

### III. CONCLUSION

For the reasons set forth above, the Court finds good cause to **GRANT** Plaintiff's motion to remand [Doc. No. 10.] The Court **DENIES** Plaintiff's request for attorneys fees and costs with respect to this motion. This matter is accordingly **REMANDED** to California Superior Court. The Motions to Dismiss [Doc. Nos. 6, 7] are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: February 26, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge