# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CENTRAL DIVISION

2011 DEC 22 PM 3: 52

SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Manheim Investments, Inc., a Nevada Corporation; Cox Enterprises, Inc., a Delaware Corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jose L. Ibarra, an individual; and ROES 1-50 on behalf of themselves and in a representative capacity for all others similarly situated and on behalf of the general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: SDSC-Central Division | CASE NUMBER: (Número del Caso): |
|---|---|
| *(El nombre y dirección de la corte es):* | 37-2011-00102889-CU-OE-CTL |

San Diego Superior Court-Central Division
330 W. Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raul Cadena, Esq., 701 B Street, #1400, San Diego, CA 92101, 619.546.0888

| DATE: 12/22/2011 | Clerk, by | B. FOLLIS | , Deputy |
|---|---|---|---|
| (Fecha) | (Secretario) | | (Adjunto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Manheim Investments, INC., a Nevada Corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 1/9/12

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
011

1  RAUL CADENA (SBN 185787)
   NICOLE R. ROYSDON (SBN 262237)
2  **CADENA CHURCHILL, LLP**
   701 "B" Street, Suite 1400
3  San Diego, CA 92101
   Telephone: 619.546.0888
4  Facsimile:  619.923.3208

5  PAUL D. JACKSON (SBN 59542)
   **LAW OFFICES OF PAUL D. JACKSON**
6  10951 Sorrento Valley Road, Suite 1-G
   San Diego, CA 92121-1613
7  Telephone: 858.552.4900
   Facsimile: 858.552.4904

8
   Attorneys for Plaintiff and all others similarly situated
9

10              SUPERIOR COURT OF CALIFORNIA

11                 COUNTY OF SAN DIEGO

12  JOSE L. IBARRA, an individual; and ROES 1-50)   Case No.: **37-2011-00102889-CU-OE-CTL**
    on behalf of themselves and in a representative)
13  capacity for all others similarly situated and on)
    behalf of the general public                   )   **CLASS AND REPRESENTATIVE**
14                                                  )   **ACTION COMPLAINT FOR**
                                                    )   **DAMAGES AND INJUNCTIVE**
15                 Plaintiff,                        )   **RELIEF FOR:**
                                                    )
16  v.                                              )   **1. FAILURE TO PAY MINIMUM**
                                                    )   **WAGE** (Labor Code §§ 1194, 1194.2,
17  MANHEIM INVESTMENTS, INC., a Nevada)               **1197);**
    Corporation;  COX  ENTERPRISES,  INC., a)          **2. FAILURE TO PAY WAGES &**
18  Delaware Corporation; and DOES 1 through 50,)      **OVERTIME COMPENSATION** (Labor
    inclusive                                       )   Code §§ 510, 1194 *et seq.*);
19                                                  )   **3. FAILURE TO PROVIDE REST**
                   Defendants.                       )   **PERIODS AND PROPER MEAL**
20                                                  )   **PERIODS OR COMPENSATION IN**
                                                    )   **LIEU THEREOF** (Labor Code §§ 226.7,
21                                                  )   **512; IWC Orders);**
                                                    )   **4. FAILURE TO TIMELY PAY**
22                                                  )   **WAGES DUE AT TERMINATION**
                                                    )   (Labor Code §§ 201, 202, 203);
23                                                  )   **5. CONVERSION**
                                                    )   **6. UNFAIR BUSINESS PRACTICES**
24                                                  )   (Bus. & Prof. Code § 17200 *et seq.*);
                                                    )   **7.  FAILURE  TO  PROVIDE**
25                                                  )   **ACCURATE WAGE STATEMENTS**
                                                    )   (Labor Code §§ 226, 1174, 1175);
26                                                  )   **8. THEFT OF LABOR** (Penal Code §
                                                    )   484);
27                                                  )   **9. DECLARATORY RELIEF**
                                                    )   **10. ACCOUNTING; and**
28                                                  )   **11. INJUNCTIVE RELIEF**
    ————————————————————)   **DEMAND FOR JURY TRIAL**

                            -1-
                          COMPLAINT

# I.

## INTRODUCTION

1.      Plaintiff brings this action pursuant to California Code of Civil Procedure section 382, against Defendants MANHEIM INVESTMENTS, INC. and COX ENTERPRISES, INC. (hereinafter collectively "Defendants") for engaging in a systematic scheme of wage abuse against their Non-Exempt classified employees in California.  This scheme involved, *inter alia*, failing to record and pay for Non-Exempt employees' off-the-clock work and overtime and failure to pay for such employees' missed and/or interrupted rest and meal breaks.  As a result of Defendants' systematic and illegal scheme of failing to properly pay such employees throughout California, Defendants have violated California common and statutory laws as described more particularly below.

2.      Named Plaintiff JOSE L. IBARRA is a resident of San Diego County, California.  Plaintiff was a non-exempt employee employed by Defendants to work in San Diego County, California during the class period.

# II.

## THE PARTIES

3.      Plaintiff JOSE L. IBARRA (hereinafter "IBARRA") is an individual residing in San Diego County, California.  He worked for Defendants during the class period.  On multiple occasions during his employment with Defendants and during the Class Period, IBARRA worked regular and overtime hours for which he was not paid and was not properly compensated for missed and/or interrupted meal and rest breaks.

4.      Plaintiff brings this action for himself and in a representative capacity pursuant to Business and Professions Code §§ 17000-17200 *et seq.*, and as a class action on behalf of himself and all others similarly situated.

5.      Plaintiff is informed and believes and thereon alleges that defendant MANHEIM INVESTMENTS, INC. (hereinafter "MANHEIM") is a corporation qualified to do business in the State of California and actually doing business in the State of California and County of San Diego.

/ / /

Exhibit A
013

6.      Plaintiff is informed and believes and thereon alleges that defendant COX ENTERPRISES, INC. (hereinafter "COX") is a corporation qualified to do business in the State of California and actually doing business in the State of California and County of San Diego.

7.      Plaintiff is informed and believes and thereon alleges that DOES 1 through 50 (hereinafter the "DOE DEFENDANTS") are, and at all times relevant hereto were, individuals residing in the County of San Diego, State of California; and are, and at all times relevant hereto were, the owners, operators, shareholders, officers, directors, executives, members, partners, and/or the controlling influence over DEFENDANTS.

8      Plaintiff is unaware of the true names and/or legal capacities of the DOE DEFENDANTS, and therefore sues those Defendants by these fictitious names. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges that each DOE DEFENDANT is in some way responsible for the acts, omissions and damages alleged in this Complaint.

9.      Plaintiff is unaware of the true names of ROES 1 through 50, and therefore adds them as plaintiffs by these fictitious names. Plaintiff will amend the Complaint to add their true names when ascertained.

10.     At all times mentioned herein, each and every Defendant and entity named herein was the agent, principal, employer, employee, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, alter-ego, parent corporation, and/or successor in interest and predecessor of each and every other Defendant. In doing the things alleged herein, each and every Defendant was acting within the course and scope of these relationships, and was acting with the consent, permission, authorization and acquiescence of each of the remaining Defendants. All actions of each Defendant alleged herein were ratified and approved by the other Defendants and/or their officers or managing agents.

11.     Each of the above-described Defendants was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct.

///

-3-
COMPLAINT

12.     On information and belief, Plaintiff alleges that MANHEIM INVESTMENTS, INC. was organized and operated by COX ENTERPRISES, INC. and/or the DOE DEFENDANTS for the purpose of shielding the assets of DEFENDANTS from liabilities and that COX ENTERPRISES, INC. and/or the DOE DEFENDANTS regularly removed cash and other assets from MANHEIM INVESTMENTS, INC. for the purpose of minimizing the assets of MANHEIM INVESTMENTS, INC. which could be executed or levied upon to satisfy the debts or judgments against DEFENDANTS.  On information and belief, Plaintiff alleges that at all relevant times herein MANHEIM INVESTMENTS, INC. is and was the alter ego(s) of COX ENTERPRISES, INC. and/or the DOE DEFENDANTS.  The corporate existence, if any, of COX ENTERPRISES, INC. should therefore be disregarded in equity and for the ends of justice because such regard is necessary to avoid fraud and injustice to Plaintiff herein.

13.     On information and belief, Plaintiff alleges that COX ENTERPRISES, INC. is the only shareholder of Defendant MANHEIM INVESTMENTS, INC.  Plaintiff further alleges on information and belief that COX ENTERPRISES, INC. has not respected  normal corporate formalities and has not maintained MANHEIM INVESTMENTS, INC. as a separate entity with a separate identity.  Further, based upon information and belief, Plaintiff alleges that Defendant COX ENTERPRISES, INC. has failed to contribute capital, issue stock, or otherwise complete the formation of the corporation, and has failed to adequately capitalize Defendant MANHEIM INVESTMENTS, INC.

14.     On information and belief, Plaintiff alleges that Defendant COX ENTERPRISES, INC. has used the corporate assets of MANHEIM INVESTMENTS, INC. to operate and capitalize itself.

15.     The employment relationship referred to herein was entered into, was intended to be performed and was primarily performed, within the County of San Diego, State of California.

### III.

### JURISDICTION AND VENUE

16.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, § 10, because this case is a cause not given by statute to other

-4-
COMPLAINT

1   trial courts. The monetary damages sought by Plaintiff total in excess of this Court's jurisdictional

2   minimum. Defendants are subject to personal jurisdiction in this State.

3       17.     The monetary damages sought on behalf of each and every member of the class and

4   as aggregate class damages exceed those jurisdictional limits as well. However, the aggregate

5   claims of the individual class members do not exceed the $5,000,000.00 jurisdictional threshold

6   for federal court under the Class Action Fairness Act ("CAFA"). In addition, there is no federal

7   question at issue, as all the issues related to payment of wages alleged herein are based solely on

8   California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and

9   Business & Professions Code.

10      18.     Venue is proper in this Court because the actions at issue occurred in San Diego

11  County.

12                                  **IV.**

13                          **GENERAL ALLEGATIONS**

14      19.     Defendants are the world's largest provider of vehicle remarketing services.

15  Defendants buy and sell used vehicles at live auctions and online. Defendants have over 70

16  locations in the United States, as well as locations internationally.

17      20.     Defendants offered the Plaintiff and each Class Member employment as Non-

18  Exempt employees which Plaintiff and each Class Member accepted, thereby entering into an

19  employment relationship governed by the California Labor Code and its implementing regulations

20  and orders. At the time Plaintiff and each Class Member accepted employment with Defendants,

21  they were expressly told the rate they would earn for each hour worked.

22      21.     One of Defendants' largest expenses is the payroll of their Non-Exempt employees.

23  Defendants have "ridden the backs" of their Non-Exempt employees to increase profitability by

24  creating and implementing a system that fails to properly compensate its California employees for

25  off-the-clock work and overtime and for missed and/or interrupted meal and rest breaks.

26      22.     During the Class Period, Defendants committed, and continue to commit, acts of

27  wage abuse against their Non-Exempt employees, including , but not limited to, failing to properly

28  compensate Non-Exempt employees throughout California for off-the-clock work, overtime and/or

---

-5-

COMPLAINT

interrupted meal and rest breaks.

23.     Defendants' pattern and practice of failing to pay their Non-Exempt employees for working off-the-clock is, in part, carried out through its culture and corporate policies. Defendants pressure employees to complete their shift assignments through intimidation, threats of discharge and demands, while at the same time precluding such employees from clocking in for hours worked and necessary to accomplish their shift assignments. Consequently, employees must work before being clocked in, after being clocked out and through meal and rest breaks.

24.     Defendants have adopted and are using unfair business practices to hold down pay to such employees, including the Plaintiff and the Class. Among these unfair business practices are failing to pay Non-Exempt employees for work off-the-clock, causing Non-Exempt employees to work without receiving adequate meal and rest breaks, and manipulating time and wage records to reduce the amounts paid to Defendants' employees. It is through these corporate policies and practices that Defendants carry out the wage and hour violations.

25.     Defendants' corporate policies also encourage employees not to take their meal and rest breaks. Defendants' corporate practice is to pay little or no overtime.

26.     Defendants exploit some of the Class Members' ignorance of the law and fear of losing their jobs into working off-the-clock and overtime, without adequate pay, and through and during their meal and rest breaks.

27.     Defendants deceitfully hide behind written policies that purport to forbid these unlawful labor practices while at the same time maintaining an institutionalized unwritten policy that mandates these unlawful practices. If an employee makes an issue of not being paid for unrecorded time and not being allowed to take meal and rest breaks, Defendants feign ignorance or terminate the employee(s).

28.     Defendants' failure to provide compensation for all work performed and unprovided rest and meal periods, and failure to correctly maintain records pursuant to California Labor Code section 226(b) during the liability periods, was willful and deliberate.

29.     Defendants have made it difficult to account with precision for off-the-clock work, unpaid overtime worked and unprovided meal and rest periods because they did not accurately

-6-
COMPLAINT

1  make, keep or preserve the hours worked by such employees as required by California Labor Code

2  section 226 and the applicable IWC Wage Orders, regulations and statutes.

3  ## V.

4  ## CLASS ACTION ALLEGATIONS

5  30.     Plaintiff, and the class members he seeks to represent, include several former and

6  current Non-Exempt employees of Defendants.

7  31.     Plaintiff brings this action against Defendants on his own behalf and on behalf of

8  all other persons similarly situated, as a class action, under California Code of Civil Procedure

9  section 382. Plaintiff seeks to represent a class composed of and defined as follows: all present

10  and former employees of Defendants holding a non-exempt position during the statutory time

11  period ("Class Members"). Plaintiff also seeks to represent sub-classes composed of and defined

12  as follows:

13  (A)     Class Members who worked one or more work periods in excess of three and a half

14          (3.5) hours without receiving a paid ten (10) minute break during which the class

15          member was relieved of all duties, from and after December 22, 2007 ("Rest Period

16          Sub-Class"); and

17  (B)     Class Members who worked one or more work periods in excess of five (5)

18          consecutive hours, without receiving a thirty (30) minute meal period during which

19          the class member was relieved of all duties, from and after December 22, 2007

20          ("Meal Period Sub-Class"); and

21  (C)     Class members who worked "off-the-clock" or without pay from and after

22          December 22, 2007 ("Off-the-Clock Sub-Class"); and

23  (D)     Class Members formerly employed by Defendants who on at least one (1) occasion

24          within the last four (4) years were not paid overtime for all hours worked over eight

25          (8) hours in any workday or over forty (40) hours in one work week, and for the

26          first eight (8) hours on the seventh (7th) consecutive day of work; with double time

27          after eight (8) hours on the seventh (7th) day of work in the work week.  ("Former

28          Employee Overtime Sub-Class"); and

-7-
COMPLAINT

(E)    Class Members who are current Non-Exempt employees employed by Defendants who on at least one (1) occasion within the last four (4) years were not paid overtime for all hours worked over eight (8) hours in any workday or over forty (40) hours in one work week, and for the first eight (8) hours on the seventh (7th) consecutive day of work; with double time after eight (8) hours on the seventh (7th) day of work in the work week ("Current Employee Overtime Sub-Class");

(F)    Class Members who are former employees of Defendants and were not paid the amounts owed to them in a timely manner following termination of their employment with Defendants from and after December 22, 2007 ("Waiting Time Penalty Sub-Class"); and

(G)    Class Members who were not provided with accurate itemized employee wage statements ("Wage Statement Sub-Class"); and

(H)    Class members who are current employees and thus have a right to injunctive relief ("Injunctive Relief Sub-Class").

32.    Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

**A.**    **Numerosity**

33.    The Class is comprised of an unknown number of persons at this time, but the joinder of all these individuals is impractical, and the disposition of their claims in a class action will benefit both the parties and this Court. The class is sufficiently numerous because Defendants have employed several Non-Exempt employees during the Class Period.

**B.**    **Commonality**

34.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The class is united in its interests with respect to proof of Defendants' common course of conduct or corporate policies and practices and the alleged effects of injuries caused by such policies and practices. The questions of law and fact common to the class predominate over questions which may affect individual class members, including the

-8-
COMPLAINT

Exhibit A
019

following:

    a.    Whether Defendants have engaged in a pattern and/or practice in California of failing to properly compensate the Plaintiff and the Class for their work off-the-clock;

    b.    Whether Defendants have engaged in a pattern and/or practice in California of encouraging Plaintiff and the Class not to report all time worked;

    c.    Whether Defendants have engaged in a pattern and/or practice in California of threatening Plaintiff and the Class with discharge, demotion, or discrimination or otherwise intimidating them if they do not work off-the-clock;

    d.    Whether Defendants violated the Wage Orders by withholding overtime compensation from Class Members;

    e.    Whether Defendants failed to keep true and accurate time records for all hours worked by their employees and/or altered time records;

    f.    Whether Defendants violated California Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide daily ten minute rest periods to Non-Exempt employees for every four hours or major fraction thereof worked and failing to compensate the employees one hour's wages in lieu of unprovided rest periods;

    g.    Whether Defendants violated California Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide minimum 30 minute meal periods to Non-Exempt employees on days they worked in excess of five hours and failing to compensate the employees one hour's wages in lieu of a meal period;

    h.    Whether Defendants violated California Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide second meal periods to Non-Exempt employees on days they worked in excess of ten hours and failing to compensate the employees one hour's wages in lieu of a second meal period;

-9-
COMPLAINT

Exhibit A
020

i.   Whether the Class is entitled to waiting time penalties under Labor Code section 203 and/or underpayment penalties under Labor Code section 558;

j.   Whether Defendants violated sections 201-203 of the Labor Code by failing to pay off-the-clock work, overtime and compensation for denied rest periods and meal periods at the time that any Non-Exempt employee's employment with Defendants terminated;

k.   Whether Defendants committed unfair business practices under section 17200 *et seq.* of the Business & Professions Code;

l.   Whether Defendants wrongfully converted monies owed to Plaintiff and the Class; and

m.   Whether Plaintiff and the Class have been damaged, and, if so, the extent of such damages and/or the nature of equitable and injunctive relief, restitution, compensatory and punitive damages to which the Class Members are entitled.

**C.    Typicality**

35.    Plaintiff is asserting claims that are typical of the claims of the various classes he seeks to represent. The Non-Exempt employees were routinely required to perform tasks without full compensation, and were routinely denied rest and meal periods.

**D.    Adequacy of Representation**

36.    Plaintiff will fairly and adequately represent and protect the interests of the class in that he has no interests antagonistic to those of the class. Plaintiff has retained counsel who are competent and experienced in class action litigation. Plaintiff's attorneys have successfully reached multi-million dollar settlements in numerous wage and hour class actions totaling in excess of $10 million and have been litigating wage and hour class actions since approximately 2004.

**E.    Superiority of Class Action**

37.    Plaintiff and the Class Members have suffered damages as a result of Defendants' wrongful conduct. Absent a class action, Plaintiff and the Class will not recover the unpaid compensation that is owed to them because the damages to each class member may be relatively small, and thus would be difficult to litigate individually.

-10-
COMPLAINT

38.      Class action treatment will allow these similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

39.      Notice of the pendency of this action can be given either by regular mail or by publication, the cost of which, under California law, can and should reasonably be imposed upon Defendants.

## FIRST CAUSE OF ACTION

### (Failure to Pay Minimum Wage [Labor Code §§ 1194, 1194.2, 1197])

### (Plaintiff and each Plaintiff Class member against each Defendant)

40.      Plaintiff repeats and incorporates by reference paragraphs 1 through 39, inclusive, as though fully set forth at length herein.

41.      The Class Period for this cause of action commences four (4) years prior to filing this complaint according to proof.

42.      Labor Code section 1197 provides, "the minimum wage fixed by the commission is the minimum wage to be paid to employees, and payment of a less wage than the minimum so fixed is unlawful."

43.      Labor Code section 1194 *et seq.* provides in relevant part that any employee receiving less than the minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

44.      Labor Code section 1194.2 provides in relevant part that:  "In any action under...Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

45.      As alleged herein, Defendants required Plaintiff and each Plaintiff Class Member to work off-the-clock, overtime and during missed or interrupted meal and/or rest breaks without receiving any compensation for this work.  By their actions Defendants violated Labor Code

-11-
COMPLAINT

1  section 1197 and are liable to Plaintiff and the Class.

2      46.    As a result of the unlawful acts of Defendants, Plaintiff and each Plaintiff Class

3  Member have been deprived of compensation in amounts to be determined at trial, and are entitled

4  to recover such amounts, including interest thereon, attorneys' fees, costs and any other damages

5  as set forth under California law.

6                        **SECOND CAUSE OF ACTION**

7      **(Failure to Pay Wages & Overtime Compensation [Labor Code §§ 510, 1194 *et seq.*])**

8         **(Plaintiff and each Plaintiff Class member against each Defendant)**

9      47.    Plaintiff repeats and incorporates by reference paragraphs 1 through 46 inclusive,

10  as though fully set forth at length herein.

11      48.    At all relevant times herein, Plaintiff and each Plaintiff Class Member were entitled

12  to payment of wages, including overtime compensation, for all time worked.  Plaintiff and each

13  Plaintiff Class Member were entitled to wages equal to one and one-half times the minimum wage

14  for all hours worked in excess of eight (8) hours in one day and forty (40) hours in one week, and

15  for the first eight (8) hours on the seventh (7th) consecutive day of work, with double time after

16  eight (8) hours on the seventh (7th) day of work in the work week.  Plaintiff and each Plaintiff Class

17  Member were routinely required to perform tasks without receiving their normal rate of

18  compensation and overtime compensation.

19      49.    By their policy of requiring Plaintiff and each Plaintiff Class Member to perform

20  tasks without being compensated, and requiring each employee to work overtime without

21  compensating such employee at the rate of one and one-half times the minimum wage, Defendants

22  violated the provisions of Labor Code section 1194, IWC Wage Orders, regulations and statutes.

23      50.    By their policy of requiring Plaintiff and each Plaintiff Class Member to perform

24  tasks without being compensated, and requiring such employees to work overtime without

25  compensating such employee at the rate of time and one-half (1½) of such employee's regulate rate

26  of pay, with double time after eight (8) hours on the seventh (7th) day in the work week, Defendants

27  violated the provisions of Labor Code section 1194, IWC Wage Orders, regulations and statutes.

28  ///

-12-
COMPLAINT

1   51.   As a direct and legal result of Defendants' violation of the Labor Code and
2   applicable wage orders, Plaintiff and each Plaintiff Class Member have been damaged in an amount
3   to be proven at trial.

4   52.   Pursuant to Labor Code sections 1194 and 1199, Plaintiff and each Plaintiff Class
5   Member are entitled to, and request, unpaid overtime, interest, penalties and reasonable attorneys'
6   fees and costs incurred in this action in an amount to proven at or following trial of this matter.

7   ### THIRD CAUSE OF ACTION

8   **(Failure to Provide Rest Periods and Proper Meal Periods or Compensation in Lieu**
9   **Thereof [Labor Code §§ 226.7, 512; IWC Orders])**
10   **(Plaintiff and each Plaintiff Class member against each Defendant)**

11   53.   Plaintiff repeats and incorporates by reference paragraphs 1 through 52, inclusive,
12   as though fully set forth at length herein.

13   54.   By their failure to provide paid ten-minute rest periods for every four hours or major
14   fraction thereof worked per day by Plaintiff and each Plaintiff Class Member and failing to provide
15   premium pay compensation for such unprovided rest periods, as alleged above, Defendants
16   willfully violated the provisions of Labor Code section 226.7 and applicable IWC Wage Orders,
17   regulations and statutes. By failing to keep adequate records required by Sections 226 and 1174(d)
18   of the Labor Code, Defendants have made it difficult to calculate the unpaid rest period
19   compensation due to Plaintiff and each Plaintiff Class Member.

20   55.   As a result of the unlawful acts of Defendants, Plaintiff and each Plaintiff Class
21   Member have been deprived of premium wages in amounts to be determined at trial, and are
22   entitled to recovery of such amounts, plus interest and penalties thereon, and attorneys' fees and
23   costs, under Labor Code sections 226, 226.7, 1194 and 1199, IWC Wage Orders, regulations and
24   statutes.

25   56.   By their failure to provide minimum 30-minute meal periods for days on which
26   their Non-Exempt employees worked in excess of 5 hours, and failing to provide premium pay
27   compensation in lieu thereof, and failing to provide a second meal period for days on which such
28   employees worked in excess of 10 hours, and failing to provide compensation for such unprovided

-13-
COMPLAINT

Exhibit A
024

1  second meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code

2  section 512 and applicable IWC Wage Orders, regulations and statutes. By failing to keep adequate

3  records required by Sections 226 and 1174(d) of the Labor Code, Defendants have made it difficult

4  to calculate the unpaid meal period compensation due to Plaintiff and each Plaintiff Class Member.

5      57.    As a result of the unlawful acts of Defendants, Plaintiff and each Plaintiff Class

6  Member have been deprived of premium wages in amounts to be determined at trial, and are

7  entitled to recovery of such amounts, plus interest and penalties thereon, and attorneys' fees and

8  costs, under Labor Code sections 226, 226.7, 1194 and 1199, IWC Wage Orders, regulations and

9  statutes.

10  ## FOURTH CAUSE OF ACTION

11  **(Failure to Timely Pay Wages Due at Termination [Labor Code §§201, 202, 203])**

12  **(Plaintiff and each Plaintiff Class member against each Defendant)**

13      58.    Plaintiff repeats and incorporates by reference paragraphs 1 through 57, inclusive,

14  as though fully set forth at length herein.

15      59.    Sections 201 and 202 of the California Labor Code require Defendants to pay their

16  employees all wages due within 72 hours of termination of employment. Section 203 of the Labor

17  Code provides that if an employer willfully fails to timely pay such wages the employer must, as

18  a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an

19  action is commenced. The penalty cannot exceed 30 days of wages.

20      60.    Defendants failed to pay earned wages to Plaintiff and each Plaintiff Class Member

21  who are former employees entitled to compensation for wages earned but which to date have not

22  received such compensation.   More than 30 days have passed since such employees left

23  Defendants' employ.

24      61.    As a consequence of Defendants' willful conduct in not paying within 72 hours of

25  termination of employment all compensation due and owing them, Plaintiff and each Plaintiff Class

26  Member are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay

27  legal overtime wages and are entitled to 30 days' wages as a penalty under Labor Code section 203

28  for failure to pay one hour's wages in lieu thereof for denied rest and meal periods, together with

-14-

COMPLAINT

1   interest thereon and attorneys' fees and costs.

2   ## FIFTH CAUSE OF ACTION

3   ### (Conversion)

4   **(Plaintiff and each Plaintiff Class member against each Defendant)**

5   62.   Plaintiff repeats and incorporates by reference paragraphs 1 through 61 inclusive,

6   as though fully set forth at length herein.

7   63.   The Labor Code, and other applicable law, provide that wages become the property

8   of the employee on the next pay day after they are earned. In failing to pay and retaining the wages

9   owed to Plaintiff and each Plaintiff Class Member on and after the next pay day after they were

10   earned, Defendants wrongfully exercised dominion and control over monies otherwise owed to

11   Plaintiff and each Plaintiff Class Member. The amount of wages owed is capable of being made

12   certain.

13   64.   As a direct and legal result of Defendants' actions, Plaintiff and each Plaintiff Class

14   Member have been damaged in amounts to be proven at trial.

15   65.   Defendants' conduct, in converting the pay owed to Plaintiff and each Plaintiff Class

16   Member pursuant to corporate practices and policies that Defendants knew violated applicable law,

17   was willful, malicious, oppressive and done with conscious disregard of Plaintiff's and each

18   Plaintiff Class Member's rights, entitling Plaintiff and each Plaintiff Class Member to punitive

19   damages.

20   ## SIXTH CAUSE OF ACTION

21   ### (Unfair Business Practices [B&P Code § 17200 *et seq.*])

22   **(Plaintiff and each Plaintiff Class member against each Defendant)**

23   66.   Plaintiff repeats and incorporates by reference paragraphs 1 through 65, inclusive,

24   as though fully set forth at length herein.

25   67.   The acts, statements and representations of Defendants, as set forth herein,

26   constitute unlawful, unfair and fraudulent business practices pursuant to Business and Professions

27   Code section 17200 *et seq.*

28   ///

-15-
COMPLAINT

68.     The failure to pay for off-the-clock work, overtime, and employees' missed and/or interrupted meal and rest breaks is an unlawful, unfair and fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.* including but not limited to a violation of the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes, or is otherwise a practice which is unfair and unlawful, including that Defendants did not pay tax contributions on off-the-clock work, accrued overtime compensation and other wages in the form of FICA, Social Security, Medicare and Unemployment Insurance.

69.     This cause of action is brought under Business and Professions Code sections 17203 and 17204, commonly called the Unfair Competition Act, and in the alternative to the other causes of action for damages.  Under this cause of action and pursuant to Business and Professions Code section 17208, Plaintiff and each Plaintiff Class Member seek restitution of wages, overtime wages, breaks violation premium pay owed, and, where applicable, Plaintiff and each Plaintiff Class Member seek penalties which are provided under Labor Code section 203, where such wages, overtime wages and penalties were due to Plaintiff and each Plaintiff Class Member during the class period, commencing four (4) years prior to filing this complaint according to proof.

70.     This cause of action is brought as a cumulative remedy as provided in Business and Professions Code section 17205, and is intended as an alternative remedy for restitution for Plaintiff and each Plaintiff Class Member for the time period, or any portion thereof, commencing within four (4) years prior to the filing of this complaint, and as the primary remedy for Plaintiff and each Plaintiff Class Member for the time period of the fourth year prior to the filing of this complaint, as such one year time period exceeds the statute of limitations on statutory wage and penalty claims.

71.     As a result of Defendants' unlawful and unfair business practice of failing to pay overtime and prompt payment of wages in violation of Labor Code sections 201 and 202, Plaintiff and each Plaintiff Class Member have suffered damages and are entitled to restitution in an amount according to proof.

72.     Further, Plaintiff requests the violations of Defendants alleged herein be enjoined, and other equitable relief as this Court deems proper, including an order for the payment by

-16-
COMPLAINT

1 | Defendants of tax contributions on the unpaid wages in the form of FICA, Social Security,
2 | Medicare, Unemployment and other appropriate payments.

3 |      73.    Wherefore, Plaintiff and each Plaintiff Class Member request relief as hereinafter
4 | prayed for.

5 | **SEVENTH CAUSE OF ACTION**

6 | **(Failure to Provide Accurate Wage Statements [Labor Code § 226])**

7 | **(Plaintiff and each Plaintiff Class member against each Defendant)**

8 |      74.    Plaintiff repeats and incorporates by reference paragraphs 1 through 73, inclusive,
9 | as though fully set forth at length herein.

10 |      75.    Defendants knowingly and intentionally failed to provide Plaintiff and each Plaintiff
11 | Class member with a true and accurate wage statement showing all applicable hourly rates in effect
12 | during the pay period and the corresponding number of hours worked at each hourly rate by the
13 | employee, in violation of Labor Code section 226(a).

14 |      76.    Pursuant to Labor Code section 226(e), Plaintiff and each Plaintiff Class Member
15 | are each entitled to penalties in the amount of $50 for the initial pay period in which the violation
16 | occurred, plus $100 for each violation in a subsequent pay period, up to an aggregate penalty of
17 | $4,000.  In addition, Plaintiff and each Plaintiff Class Member are entitled to attorneys' fees and
18 | costs in an amount to be proven at trial.

19 | **EIGHTH CAUSE OF ACTION**

20 | **(Theft of Labor [Penal Code § 484])**

21 | **(Plaintiff and each Plaintiff Class member against each Defendant)**

22 |      77.    Plaintiff repeats and incorporates by reference paragraphs 1 through 76, inclusive,
23 | as though fully set forth at length herein.

24 |      78.    Plaintiff is informed and believes, and thereon alleges, that Defendants, by the acts
25 | and omissions described above, including but not limited to promising to pay Plaintiff and each
26 | Plaintiff Class member for their labor while intending not to pay them in the proper amounts,
27 | knowingly and designedly, by false and/or fraudulent representations and/or pretenses, defrauded
28 | Plaintiff and all others similarly situated.

Exhibit A
028

79. By defrauding Plaintiff and each Plaintiff Class member, Defendants violated Penal Code section 484.

80. Plaintiff and each Plaintiff Class member have suffered, and continue to suffer, damages as a direct and legal (proximate) result of Defendants' violation of Penal Code section 484. Plaintiff and each Plaintiff Class member are entitled to relief for the damages they have suffered as a result of Defendants' violations of Penal Code section 484, in amounts to be determined according to proof at trial.

81. Plaintiff and each Plaintiff Class member are informed and believe, and on that basis allege, that Defendants and DOES 1 through 50 acted willfully, knowingly, and intentionally engaging in the pattern of conduct described herein. Plaintiff and each Plaintiff Class member are informed and believe, and on that basis allege that in doing the acts and in engaging in the conduct herein alleged, Defendants acted in conscious disregard of the rights of Plaintiff and each Plaintiff Class member and engaged in despicable conduct which has subjected Plaintiff and each Plaintiff Class member to cruel and unjust hardship.

82. Further, Plaintiff is informed and believes, and on that basis alleges, that Defendants and DOES 1 through 50, in doing the acts and engaging in the conduct herein alleged, acted with a willful and conscious disregard for the rights and/or safety of others. Because Defendants have acted with such oppression, fraud, and malice, Plaintiff and each Plaintiff Class member are entitled to punitive damages, pursuant to Civil Code sections 1708.7(c) and 3294 in an amount that will punish Defendants for the conduct described herein and in an amount that will deter them and others from engaging in similar conduct in the future.

## NINTH CAUSE OF ACTION

### (Declaratory Relief)

### (Plaintiff and each Plaintiff Class member against each Defendant)

83. Plaintiff repeats and incorporates by reference paragraphs 1 through 82, inclusive, as though fully set forth at length herein.

84. An actual controversy has arisen and exists between Plaintiff, including the Plaintiff Class, on the one hand, and Defendants on the other hand, including but not limited to the

-18-
COMPLAINT

following controverted issues:

a)   Whether Defendants willfully and unlawfully failed to, and continue to fail to, pay wages and overtime compensation to Plaintiff and the Plaintiff Class Members, and if so, in what amount Plaintiff and Plaintiff Class Members are entitled to be paid, and the amount and appropriateness of the payment by Defendants of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare, Unemployment Insurance or other appropriate payments;

b)   Whether Defendants willfully and unlawfully failed to, and continue to fail to, promptly pay the members of the Plaintiff Class wages, which were owed, and/or are owed, at the time of their termination of employment with Defendants, and if so, in what amount Plaintiff and Plaintiff Class Members are entitled to be paid as penalties pursuant to Labor Code section 203;

c)   Whether Defendants failed to, and continue to fail to, pay the members of the Plaintiff Class premium pay for unprovided rest and meal periods, and if so, in what amount Plaintiff and Plaintiff Class Members are entitled to be paid;

d)   Whether Defendants are liable to pay penalties under Labor Code section 558 and in what amounts; and

e)   What amounts of pre-judgment interest Plaintiff and each Plaintiff Class Member are entitled to receive from Defendants.

85.   Plaintiff and each Plaintiff Class Member seek adjudication and a declaration of their rights on the foregoing issues.

86.   Further, Plaintiff and each Plaintiff Class Member seek entry of declaratory judgment in their favor which declares the practices of Defendants as herein alleged to be unlawful, and for this Court to make such orders as provide for recovery of all sums determined by this Court to be owed to Plaintiff and each Plaintiff Class Member by Defendants, or for other appropriate and just relief.

87.   Wherefore, Plaintiff and each Plaintiff Class Member request relief as hereinafter prayed for.

-19-
COMPLAINT

1

## TENTH CAUSE OF ACTION

2

### (Accounting)

3

### (Plaintiff and each Plaintiff Class member against each Defendant)

4       88.     Plaintiff repeats and incorporates by reference paragraphs 1 through 87, inclusive,

5   as though fully set forth at length herein.

6       89.     As herein alleged, Plaintiff and each Plaintiff Class Member are owed wages,

7   penalties, interest and restitution by the Defendants.

8       90.    Plaintiff does not know the exact amount of wages, penalties, interest and restitution

9   due to Plaintiff and Plaintiff Class Members.  Plaintiff is informed and believes and thereon alleges

10   that each of the Defendants possesses records from which the amounts of wages, penalties, interest

11   and restitution may be determined, and an accounting of the books and records of each Defendant

12   is required.

13       91.     Wherefore, Plaintiff and each Plaintiff Class Member request relief as hereinafter

14   prayed for.

15

## ELEVENTH CAUSE OF ACTION

16

### (Injunctive Relief)

17

### (Plaintiff and each Plaintiff Class member against each Defendant)

18       92.     Plaintiff repeats and incorporates by reference paragraphs 1 through 91, inclusive,

19   as though fully set forth at length herein.

20       93.     As alleged above, Defendants have in the past and will continue to do so in the

21   future, unless enjoined, engage in the unlawful practice of failing to properly compensate for work

22   off-the-clock, not paying lawful minimum wage and overtime compensation, not providing rest and

23   meal periods or premium pay in lieu thereof, and not promptly paying wages as required by Labor

24   Code section 201-203, to Plaintiff Class Members who constitute the Injunctive Relief Sub-Class.

25       94.     The Injunctive Relief Sub-Class Members have been injured and damaged, and will

26   continue to be injured and damaged by the continued practices of Defendants of not paying lawful

27   minimum wages and overtime compensation, not providing rest and meal periods or paying

28   premium pay in lieu thereof, and not promptly paying wages as required by Labor Code sections

Exhibit A
031

1  201-203. These Class Members have no adequate remedy at law, and will be irreparably harmed

2  by the continuation of such unlawful practices of Defendants.

3        95.     Because Defendants have acted unlawfully as alleged above, and will continue to

4  so act in the absence of relief by this Court, preliminary and permanent injunctive relief is

5  appropriate, enjoining Defendants and their agents from engaging in such unlawful practices

6  heretofore alleged.

7        96.     Wherefore, Plaintiff and each member of the Injunctive Relief Sub-Class request

8  relief as hereinafter prayed for.

9  **PRAYER FOR RELIEF**

10      **Wherefore, Plaintiff, on his own behalf and on behalf of the Plaintiff Class, prays as**

11  **follows:**

12      1.     That the Court determine this action may be maintained as a class action and certify

13          the Plaintiff Class;

14      2.     That the Court determine that the failure of the Defendants to pay wages and

15          overtime compensation to the Plaintiff and each Plaintiff Class Member be

16          adjudged and decreed to violate the applicable IWC Wage Orders, regulations and

17          statutes;

18      3.     That the Defendants be ordered to pay and judgment be entered for wages, overtime

19          wages, and premium pay compensation for unprovided rest and meal periods for

20          Plaintiff and each Plaintiff Class Member, according to proof at trial;

21      4.     That Defendants be ordered to pay and judgment be entered for Labor Code section

22          203 penalties to Plaintiff and each Plaintiff Class Member, according to proof at

23          trial;

24      5.     That the Defendants be ordered to pay and judgment be entered for Labor Code

25          section 558 penalties, according to proof at trial;

26      6.     That the Defendants be found to have engaged in unfair competition in violation of

27          Business and Professions Code section 17200;

28  ///

-21-
COMPLAINT

Exhibit A
032

7. That the Defendants be ordered and enjoined to pay restitution to the Plaintiff and each Plaintiff Class Member due to the Defendants' unlawful and unfair business practices, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code sections 17203 and 17204;

8. That the Defendants be enjoined from further acts of unfair competition and specifically from failing to pay overtime compensation to class members;

9. For a declaratory judgment;

10. For an accounting;

11. For preliminary and permanent injunctive relief, including the payment by the Defendants of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medical, Unemployment Insurance or other appropriate payments;

12. That the Plaintiff and Plaintiff Class Members be awarded attorneys' fees and costs pursuant to statute, including but not limited to Labor Code section 1194 and Code of Civil Procedure section 1021.5;

13. Otherwise determine the appropriate remedy to compensate each Plaintiff and Plaintiff Class Member as required to promote fairness and justice, including but not limited to establishing procedures for compensation, determining compensation amounts, and fluid recovery if appropriate;

14. Pre-judgment interest; and

15. Any other relief this Court deems proper.


CADENA CHURCHILL, LLP
LAW OFFICES OF PAUL D. JACKSON

Dated: 12/22/11           By: _____
                          Raul Cadena, Esq.
                          Nicole R. Roysdon, Esq.
                          Attorneys for Plaintiff and all others similarly situated

-22-
COMPLAINT

Exhibit A
033

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Raul Cadena (SBN 185787)/Nicole R. Roysdon (SBN 262237)<br>CADENA CHURCHILL, LLP<br>701 "B" Street, Suite 1400, San Diego, CA 92101<br>TELEPHONE NO.: 619.546.0888   FAX NO.: 619.923.3208<br>ATTORNEY FOR *(Name):* Pltf Ibarra and all others similarly situated | CENTRAL DIVISION<br><br>2011 DEC 22 PM 3: 52<br><br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME:
Ibarra v. Manheim Investments, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 1811)* | | 37-2011-00102889-CU-OE-CTL |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 11
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 22, 2011

RAUL CADENA
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

Exhibit A
034



# Superior Court of California
# County of San Diego

## NOTICE OF ASSIGNMENT
## TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed.  Original documents should not be filed with pleadings.  If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program").  As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file.  The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.  This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150.  The paper filing will be imaged and held for 90 days.  After that time it will be destroyed and recycled.  **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court.  Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.**  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

All parties are ordered to place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to General Order 072511 for more details.
## The General Order may be obtained from the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/pls/portal/docs/page/sdcourt/civil2/civilimaging/order072511.pdf

Exhibit A
035



## Superior Court of California
## County of San Diego

# THIS CASE HAS BEEN ASSIGNED TO AN IMAGING DEPARTMENT

Pursuant to the Order of this Court, the words:

## "IMAGED FILE"

Shall be placed under the title of each pleading filed
subsequent to the initial case filing.

A copy of this notice shall be served on all parties with service of
the summons and complaint or other initial case filing.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER:  (619) 450-7067 | |

**PLAINTIFF(S) / PETITIONER(S):**    Jose L Ibarra

**DEFENDANT(S) / RESPONDENT(S):**  Manheim Investments Inc et.al.

IBARRA VS. MANHEIM INVESTMENTS INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2011-00102889-CU-OE-CTL |
|---|---|

Judge:  William S. Dato                                  Department: C-67

**COMPLAINT/PETITION FILED:** 12/22/2011

### ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.)  (SDSC Local Rule 2.1.6)

DEFAULT:  If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE:  A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 11-06)                                            **NOTICE OF CASE ASSIGNMENT**                     Page: 1

Exhibit A
037

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME:     Central

PLAINTIFF(S):    Jose L Ibarra

DEFENDANT(S): Manheim Investments Inc et.al.

SHORT TITLE:    IBARRA VS. MANHEIM INVESTMENTS INC

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2011-00102889-CU-OE-CTL |
|---|---|

Judge: William S. Dato                                                    Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                     ☐ Non-binding private arbitration

☐ Mediation (private)                                      ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                     Date: _____

Name of Plaintiff                                                          Name of Defendant

Signature                                                                     Signature

Name of Plaintiff's Attorney                                        Name of Defendant's Attorney

Signature                                                                     Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  12/22/2011                                          _____
                                                                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

3

Exhibit A
038



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2011-00102889-CU-OE-CTL      CASE TITLE: Ibarra vs. Manheim Investments Inc

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit A
039

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

---

Exhibit A
040