1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   THOMAS R. KAUFMAN, Cal. Bar No. 177936
2  tkaufman@sheppardmullin.com
   MICHAEL L. GALLION, Cal Bar No. 189128
3  mgallion@sheppardmullin.com
   PAUL BERKOWITZ, Cal. Bar No. 251077
4  pberkowitz@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6055
   Telephone:  310.228.3700
6  Facsimile:  310.228.3701

7  Attorneys for Defendants
   MANHEIM INVESTMENTS, INC. and
8  COX ENTERPRISES, INC.

9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12  JOSE L. IBARRA, an individual; and         Case No. 13-CV-0857-CAB (BLM)
    ROES 1-50 on behalf of themselves and
13  in a representative capacity for all
    others similarly situated and on behalf    **DEFENDANTS' NOTICE OF NEW**
14  of the general public,                     **AUTHORITY IN SUPPORT OF**
                                               **THEIR OPPOSITION TO**
15                 Plaintiff,                  **PLAINTIFF'S MOTION TO**
                                               **REMAND TO STATE COURT**
16       v.

17  MANHEIM INVESTMENTS, INC., a            Date:    June 21, 2013
    Nevada Corporation; COX                 Time:    2:30 p.m.
18  ENTERPRISES, INC., a Delaware           Dept:    Courtroom 4C
    Corporation; and DOES 1 through 50,
19  inclusive,

20                 Defendants.               Complaint Filed:  December 22, 2011

21

22

23

24

25

26

27

28

1  **TO THE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE** that, Defendants Manheim Investments, Inc. and

3  Cox Enterprises, Inc. (collectively, "Defendants"), submit this Notice of New

4  Authority, *Roth, et al. v. CHA Hollywood Medical Center, L.P., et al.,* Case No. 13-

5  55771, slip. op. (Ninth Cir., June 27, 2013) (copy attached hereto as Exhibit "A").

6  This new authority is directly relevant to Plaintiff's pending Motion to Remand to

7  State Court and further supports the denial of Plaintiff's Motion.

8  In *Roth*, the Ninth Circuit reversed the district court's remand to state court

9  under the Class Action Fairness Act of a wage-and-hour class action.  The *Roth*

10  court held that a defendant may remove to federal court when it discovers, based on

11  its own investigation, that a case is removable even if there is no new pleading or

12  "other paper" to trigger a second thirty-day period in which to remove under 28

13  U.S.C. § 1446(b)(3).  In reaching its conclusion, the Ninth Circuit explained that the

14  two 30-days periods specified in the removal statute only dictate when a defendant

15  *must* remove a case, but "do not otherwise affect the time during which a defendant

16  *may* remove."  In other words, the removal statutes "permit a defendant to remove

17  outside the two thirty-day periods on the basis of its own information, provided that

18  it has not run afoul of either of the thirty-day deadlines."

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

-1-                         13CV-0857-CAB (BLM)

SMRH:409292648.1          DEFENDANTS' NOTICE OF NEW AUTHORITY IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

1    Accordingly, along with the authorities cited in Defendants' Opposition

2  papers, Defendants respectfully request that the Court consider this new authority in

3  issuing a final decision on Plaintiff's pending Motion to Remand.

4

5

6  June 27, 2013                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8

9                          By          _____/s/ Paul Berkowitz_____
                                            PAUL BERKOWITZ
10                                    Attorneys for Defendants MANHEIM
                                      INVESTMENTS, INC. and COX
11                                        ENTERPRISES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:409292648.1
DEFENDANTS' NOTICE OF NEW AUTHORITY IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

# EXHIBIT A

# EXHIBIT A

FOR PUBLICATION

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY ROTH; SHANA EKIN, as individuals and on behalf of themselves and all others similarly situated,<br>   *Plaintiffs-Appellees,*<br><br>v.<br><br>CHA HOLLYWOOD MEDICAL CENTER, L.P., DBA CHA Hollywood Presbyterian Medical Center and Hollywood Presbyterian Medical Center; CHS HEALTHCARE MANAGEMENT, L.L.C.,<br>   *Defendants-Appellants.* | No. 13-55771<br><br>D.C. No.<br>2:12-cv-07559-<br>ODW-SH<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted
June 6, 2013—Pasadena, California

Filed June 27, 2013

Exhibit A
003

2     ROTH V. CHA HOLLYWOOD MEDICAL CENTER

Before: Stephen S. Trott, Carlos F. Lucero[*], and
William A. Fletcher, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[**]

### Class Action Fairness Act / Removal

The panel reversed the district court's remand to state court under the Class Action Fairness Act of a wage-and-hour class action.

The panel held that a defendant who has not lost the right to remove a state action to federal court because of a failure to timely file a notice of removal under 28 U.S.C. §§ 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable. The panel concluded that removal of this case was not barred by § 1446(b)(1) or (b)(3).

---

[*] The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Exhibit A
004

## COUNSEL

Karin L. Bohmholdt (argued), Mark D. Kemple, and Bryan J.
Lazarski, Greenberg Traurig, LLP, Los Angeles, California,
for Defendants-Appellants.

Louis M. Marlin (argued) and Kristen Marquis Fritz, Marlin
& Saltzman, LLP, Irvine, California; Donald C. Potter, Law
Office of Donald C. Potter, Pasadena, California, for
Plaintiffs-Appellees.

## OPINION

W. FLETCHER, Circuit Judge:

Defendants appeal from the district court's remand to
state court under the Class Action Fairness Act ("CAFA").
28 U.S.C. § 1453(c)(1).   The district court construed
28 U.S.C. § 1446(b)(1) and (b)(3) to permit removal only
during the two thirty-day periods specified in those
subsections.   It held that removal was improper because
defendants had not sought removal during either such period.
We granted review and now reverse.

Section 1446(b)(1) and (b)(3) specify that a defendant
must remove a case within thirty days of receiving from the
plaintiff either an initial pleading or some other document, if
that pleading or document shows the case is removable.
However, these two periods do not otherwise affect the time
during which a defendant *may* remove.   That is, the two
periods specified in § 1446(b)(1) and (b)(3) operate as
limitations on the right to removal rather than as
authorizations to remove.

4      ROTH V. CHA HOLLYWOOD MEDICAL CENTER

We hold that a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable.

## I. Procedural History

Plaintiff-Appellee Amy Roth filed a state-law wage-and-hour class action in Los Angeles Superior Court on April 27, 2011. Roth, along with an added plaintiff, filed a first amended complaint ("FAC") on May 24, 2012, naming for the first time CHA Hollywood Medical Center ("CHA") as a defendant.

On September 4, 2012, CHA, joined by the other defendants, filed a notice of removal in the Central District of California. Defendants alleged diversity jurisdiction under CAFA based on the diverse citizenship of one would-be class member. Defendants further alleged an amount in controversy in excess of $5,000,000. 28 U.S.C. § 1332(d)(2). Defendants also alleged federal question jurisdiction under the Labor Management Relations Act based on the existence of a collective-bargaining agreement. 28 U.S.C. § 1331; 29 U.S.C. § 185(a).

Plaintiffs moved to remand. In opposing the motion, defendants submitted the declaration of Ms. Daisy Tacbas, who stated that she had been employed in California by CHA during the class period in a position that qualified her as a member of the would-be plaintiff class. In her declaration, dated August 15, 2012, Ms. Tacbas stated that she had moved to Nevada in late 2011 and that she intended to live in Nevada for the foreseeable future. Defendants also submitted

Exhibit A
006

declarations from the CHA Vice President of Human
Resources and the CHA General Counsel, dated October 15,
2012, stating that the amount in controversy is in excess of
$5,000,000. Defendants also submitted evidence showing
that there was a collective-bargaining agreement.

The district court granted the motion to remand. It found
that the defendants had not received from the plaintiffs, in the
FAC or other document, sufficient indication that the case
was removable under either CAFA diversity jurisdiction or
federal question jurisdiction. It held that the defendants could
not remove based on information discovered by CHA, as
opposed to information contained in the FAC or some other
document received from plaintiffs. In the district court's
view, removal was improper, even if the jurisdictional
requirements of CAFA or federal question had been satisfied,
because neither of the thirty-day periods specified in
§ 1446(b)(1) or (b)(3) had been triggered by documents
received from plaintiffs.

Defendants appeal, contending that the case is removable
based on diversity jurisdiction under CAFA. They do not
appeal the denial of federal question removal.

## II. Standard and Timing of Review

We review de novo a district court's remand order.
*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679
(9th Cir. 2006). Generally, "[u]nder CAFA, we have 60 days
from the time we accept the appeal to complete all action on
such appeal, including rendering judgment." *Lowdermilk v.
U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 996 (9th Cir. 2007)
(internal quotation marks omitted).

Exhibit A
007

6    ROTH V. CHA HOLLYWOOD MEDICAL CENTER

### III. Discussion

Under 28 U.S.C. § 1441, a defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action been originally filed in that court:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Procedures for removal are set forth in 28 U.S.C. § 1446. Section 1446(a) provides generally that a defendant seeking to remove a civil action shall file a notice of removal in the district court. Section 1446 also contains restrictions on removal, including a requirement that a notice of removal be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable. 28 U.S.C. § 1446(b)(1), (b)(3). Specifically, the statute reads:

> b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within

<u>ROTH V. CHA HOLLYWOOD MEDICAL CENTER</u>    7

30 days after the service of summons upon the
defendant if such initial pleading has then
been filed in court and is not required to be
served on the defendant, whichever period is
shorter.

. . .

**(3)** Except as provided in subsection (c), if the
case stated by the initial pleading is not
removable, a notice of removal may be filed
within 30 days after receipt by the defendant,
through service or otherwise, of a copy of an
amended pleading, motion, order or other
paper from which it may first be ascertained
that the case is one which is or has become
removable.

28 U.S.C. § 1446(b)(1)–(3).

The question presented in this case is whether the two
thirty-day periods described in § 1446(b)(1) and (b)(3) are the
only periods during which the defendant may remove, or if
they are merely periods during which a defendant must
remove if one of the thirty-day time limits is triggered.
Plaintiffs contend that the two thirty-day periods are both
limitations on, and exclusive authorizations for, removal.
Defendants contend that authorization for removal is
provided by § 1441(a), and that the two thirty-day periods
specified in § 1446(b)(1) and (b)(3) are merely procedural
limitations on removal if triggered. Although defendants in
this case have sought to remove pursuant to CAFA, the
question arises in diversity removal cases generally. *See*
28 U.S.C. § 1453(b).

Exhibit A
009

8    ROTH V. CHA HOLLYWOOD MEDICAL CENTER

We have not found any cases in our circuit that answer this question.  We held in *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005), that a defendant does not have a duty of inquiry if the initial pleading or other document is "indeterminate" with respect to removability.  Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document. *Harris* did not address a case in which a defendant conducted its own investigation, even though not required to do so, and discovered that a case was removable.

We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.  For good reason, § 1446(b)(1) and (b)(3) place strict limits on a defendant who is put on notice of removability by a plaintiff.  A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so.  But neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own. Similarly, a plaintiff's ignorance of the citizenship of would-be class members should not defeat removal if defendant independently knows or learns that information.

The FAC in this case was at best "indeterminate." *Harris,* 425 F.3d at 693.  It did not reveal on its face that there was diversity of citizenship or that there was sufficient amount in

Exhibit A
010

controversy to support jurisdiction under CAFA.  After receiving the FAC, CHA consulted its own employment files to identify the potential class members.  It quickly located Ms. Tacbas, who signed a declaration stating that she is a citizen of Nevada.  Ms. Tacbas's Nevada citizenship is enough to provide the requisite minimal diversity under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).  CHA also consulted its Vice President of Human Resources and its General Counsel, who signed declarations stating that the amount in controversy is excess of $5,000,000. *See id.* § 1332(d)(2).

Plaintiffs may well have suspected, given the class period and the size of the would-be class, that one or more class members had left California by the time suit was filed.  But because the would-be plaintiff class comprises CHA employees whose names and other identifying information are known to CHA, we may infer that CHA is in a better position than plaintiffs to investigate the citizenship of those would-be class members.  It would be odd, even perverse, to prevent removal in this case, and we see nothing in the text of §§ 1441 and 1446 to require such a result.

We recognize that there is language in a Fifth Circuit decision suggesting that the two thirty-day periods specified in § 1446(b)(1) and (b)(3) are the only periods during which a case may be removed.  In *S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 491 (5th Cir. 1996), defense counsel prepared an affidavit describing a conversation with the plaintiff in which the plaintiff stated that the anticipated damages satisfied the amount in controversy requirement.  The defendant filed a notice of removal more than thirty days after his attorney's preparation of the affidavit. *Id.* at 494.  The court held that the affidavit was not an "other paper" received from the plaintiff under § 1446(b)(3), and thus did

10     ROTH V. CHA HOLLYWOOD MEDICAL CENTER

not trigger the thirty-day period. *Id.* The court held further that a statement in a deposition, after which a notice of removal had been timely filed, constituted an "other paper," and that removal was therefore proper. *Id.* In the course of its opinion, the court wrote:

> *We find that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one.* We hold that the affidavit, created entirely by the defendant, is not "other paper" under section 1446(b) and cannot start the accrual of the 30-day period for removing.

*Id.* (emphasis added). Read without regard to context, the italicized sentence suggests that an action is not removable when the information supporting removal comes from the defendant rather than the plaintiff. However, we are inclined to think that the sentence should be understood in context to mean only that a "defendant's subjective knowledge cannot convert a non-removable action into a removable one" such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant.

We discern one practical objection to our reading of §§ 1441 and 1446(b). It may be that in some diversity cases, defendants will be able to take advantage of the fact that neither the "initial pleading" nor any later document received from plaintiff triggers one of the two thirty-day periods. In such cases, defendants may sometimes be able to delay filing a notice of removal until it is strategically advantageous to do so. In a non-CAFA diversity case, the advantage gained through such gamesmanship is limited by the fact that a

<u>ROTH V. CHA HOLLYWOOD MEDICAL CENTER</u>    11

notice of removal must be filed, in any event, within one year of the commencement of the action. *See* 28 U.S.C. § 1446(c)(1). However, in a CAFA case, there is no such time limit. A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered. *See* 28 U.S.C. 1453(b).

It is thus at least theoretically possible in a CAFA case for a defendant to wait until the state court has shown itself ill-disposed to defendant, or until the eve of trial in state court, before filing a notice of removal. That is not what happened in the case before us. Defendants promptly investigated to determine whether the case was removable. Then, upon learning that it was removable, they promptly filed a notice of removal. But the theoretical possibility of abusive gamesmanship remains.

Our best answer — and a likely sufficient answer — is that plaintiffs are in a position to protect themselves. If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. 28 U.S.C. § 1446(b)(3). Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove.

We cannot be certain whether the case now before us will prove removable. Among other things, plaintiffs have not yet had the opportunity to provide evidence showing that their class action qualifies for the local controversy exception under 28 U.S.C. § 1332(d)(4)(A). We hold only that removal

Exhibit A
013

12    ROTH V. CHA HOLLYWOOD MEDICAL CENTER

is not barred here by § 1446(b)(1) or (b)(3). We remand to the district court for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

Exhibit A
014

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On June 27, 2013, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF NEW AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT** on the interested parties in this action as follows:

Raul Cadena
Nicole R. Roysdon
Cadena Churchill, LLP
701 "B" Street, Suite 1700
San Diego, CA 92101
Tele: 619-546-0888
Fax: 619-923-3208
rcadena@cadenachurchill.com
nroysdon@cadenachurchill.com

Paul D. Jackson
Law Offices of Paul D. Jackson
10951 Sorrento Valley Road, Suite 1-G
San Diego, CA 92121-1613
Tele: 858-552-4900
Fax: 858-552-4904
paul@jacksonlaw.biz

☐**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☒**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 27, 2013, at Los Angeles, California.

Millie Baello

SMRH:408225965.1

-1-

13CV-0857-CAB (BLM)
CERTIFICATE OF SERVICE