# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. IBARRA, an individual, and ROES 1-50 on behalf of themselves and in a representative capacity for all others similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>MANHEIM INVESTMENTS, INC., a Nevada Corporation, COX ENTERPRISES, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 13-cv-857 CAB (BLM)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING REQUEST FOR ATTORNEYS' FEES, AND DENYING MOTIONS TO DISMISS AS MOOT<br><br>[Doc. Nos. 3, 4, 8] |

This matter is before the court on plaintiff's motion to remand and request for attorneys' fees. [Doc. No. 8.] Defendants responded in opposition, plaintiff replied, and the court took the motion under submission without oral argument. [Doc. Nos. 12-14.] Also pending are defendants' motions to dismiss. [Doc. Nos. 3, 4.] For the reasons set forth below, the court **GRANTS** plaintiff's motion to remand, **DENIES** the request for attorneys' fees, and **DENIES AS MOOT** defendants' motions to dismiss.

## BACKGROUND

On December 22, 2011, plaintiff Jose L. Ibarra filed this proposed class action

in San Diego County Superior Court against defendants Manheim Investments, Inc., Cox Enterprises, Inc., and DOES 1-50. [Compl., Doc. No. 1-5.] Plaintiff alleges that defendants – "the world's largest provider of vehicle remarketing services" – engaged in a systematic scheme of wage abuse against their non-exempt employees in California. [*Id.* ¶¶ 1, 19.] Plaintiff asserts eleven causes of action arising variously under California's Labor Code, unfair competition law, and common law. [*Id.* ¶¶ 40-96.][1] He seeks to certify a class defined as: "all present and former employees of Defendants holding a non-exempt position during the statutory time period." [*Id.* ¶ 31.] In the "Jurisdiction and Venue" section of the complaint, plaintiff states that "the aggregate claims of the individual class members do not exceed the $5,000,000.00 jurisdictional threshold for federal court under the Class Action Fairness Act." [*Id.* ¶ 17.]

Defendants filed their first notice of removal in the Southern District of California on February 7, 2012, contending that the district court had original jurisdiction over plaintiff's claims under the Class Action Fairness Act of 2005 (CAFA). [*See* Case No. 3:12-cv-318-CAB-BLM, Doc. No. 1.] The undersigned remanded the action, however, finding that defendants did not establish to a legal certainty that the amount in controversy exceeded CAFA's jurisdictional minimum of $5,000,000. [Case No. 3:12-cv-318, Doc. No. 15.] *See also Lowdermilk v. United States Bank Nat'l Ass'n.*, 479 F.3d 994, 1000 (9th Cir. 2007).

On April 9, 2013, defendants filed a second notice of removal in this court, again with reference to CAFA. [Doc. No. 1 at 2.][2] Defendants maintain that the Supreme Court's recent decision in *Standard Fire Ins. Co. v. Knowles*, --- U.S. ----, 133 S. Ct.

---

[1] Specifically, plaintiff asserts (1) failure to pay minimum wage, Cal. Lab. Code §§ 1194, 1194.2, 1197; (2) failure to pay overtime compensation, §§ 510, 1194 *et seq.*; (3) failure to provide rest periods and proper meal periods or compensation *in lieu* thereof, §§ 226.7, 512; (4) failure to timely pay wages due at termination, §§ 201, 202, 203; (5) conversion; (6) unfair competition, Cal. Bus. & Prof. Code § 17200 *et seq.*; (7) failure to provide accurate wage statements, Cal. Lab. Code § 226; (8) theft of labor, Cal. Penal Code § 484; (9) declaratory relief; (10) accounting; and (11) injunctive relief.

[2] The court refers throughout this order to page numbers assigned by CM/ECF.

1345 (2013), "effectively overturn[ed]" *Lowdermilk*, on which the court relied in its previous remand order. [Doc. No. 1 ¶ 6.] As a result, defendants argue, they need only prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

Plaintiff filed the instant motion to remand on May 8, 2013, contending that defendants' second attempt at removal is without merit and untimely. [Doc. No. 8.] Defendants responded in opposition, and plaintiffs replied. [Doc. Nos. 12, 13.] As set forth below, the court holds that defendants' burden as to CAFA's amount-in-controversy requirement remains proof with legal certainty, finds that defendants again fail to meet this burden, and remands this action to state court.

## DISCUSSION

A.  Plaintiff's Motion to Remand

Defendants may remove plaintiff's putative class action here only if this court has "original jurisdiction" over it. 28 U.S.C. § 1441(a). This court's jurisdiction is limited and strictly construed. *Lowdermilk*, 479 F.3d at 998. If the court determines that subject matter jurisdiction is lacking, it must remand the action to state court. 28 U.S.C. § 1447(b).

Defendants contend that the Class Action Fairness Act of 2005 (CAFA) gives this court original jurisdiction over plaintiff's action. CAFA provides generally that federal district courts have original jurisdiction over a civil class action in which (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, and (3) the proposed class has at least 100 members. 28 U.S.C. § 1332(d)(2), (d)(5). To determine whether the matter in controversy exceeds the sum or value of $5,000,000, the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6). Here, the parties dispute only CAFA's first requirement – the amount in controversy.

1.   Defendants' Burden of Proof

    a.   Three Scenarios

Defendants bear the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The heft of defendants' burden varies depending on the character of plaintiff's allegations as to the amount in controversy. The Ninth Circuit identifies three possible scenarios. *Lowdermilk*, 479 F.3d at 998. First, when the plaintiff does not plead a specific amount of damages, the defendant seeking removal must prove by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. *Id.* at 998. Second, when plaintiff alleges damages in excess of the requisite amount in controversy, then the requirement is presumptively satisfied unless it appears to a legal certainty that the claims are for less than the jurisdictional amount. *Id.* Third, when plaintiff pleads damages less than the jurisdictional amount, the defendant seeking removal must prove with legal certainty that the amount in controversy is satisfied. *Lowdermilk*, 479 F.3d at 1000.

The court must first determine "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Lowdermilk*, 479 F.3d at 998 (quoting *Abrego Abgrego*, 443 F.3d at 690). In *Lowdermilk*, plaintiff prayed for damages, penalty wages, costs, attorneys' fees, and interest "in total, less than five million dollars." *Id.* at 996. The Ninth Circuit held that it was apparent from the face of the complaint that CAFA's jurisdictional amount was not met and therefore applied the legal-certainty standard. *Id.* at 998. In a subsequent opinion, however, the Ninth Circuit applied the preponderance-of-the-evidence burden where, in the complaint's Jurisdiction and Venue section, plaintiffs pleaded that "the damages to each Plaintiff are less than $75,000. In addition, the sum of such damages and the value of injunctive relief sought by plaintiff in this action is less than $75,000." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). The Ninth Circuit held: "because the allegation in the Jurisdiction and Venue section is not repeated in the Prayer for Relief

1  and does not take account of attorneys' fees, accounting of moneys, or payment of back
2  taxes and benefits, the complaint fails to allege a sufficiently specific total amount in
3  controversy . . . [W]e therefore apply the preponderance of the evidence burden of proof
4  to the removing defendant." *Id.* at 701. Finding that defendant satisfied the applicable
5  preponderance-of-the-evidence burden, the Ninth Circuit affirmed the district court's
6  denial of plaintiff's motion to remand. *Id.*

7  "In decisions rendered after *Guglielmino*, district courts have concluded that
8  where a plaintiff expressly states that the 'claim' or the 'amount in controversy' is less
9  than the jurisdictional threshold, the complaint is sufficiently certain and the legal
10 certainty standard applies." *Trahan v. U.S. Bank Nat. Assoc.*, C 09-03111 JSW, 2009
11 WL 4510140 (N.D. Cal. Nov. 30, 2009) *aff'd sub nom. Trahan v. U.S. Bank Nat. Ass'n*,
12 379 F. App'x 628 (9th Cir. 2010). Thus, courts have applied the legal-certainty
13 standard where plaintiff alleges that the total "amount in controversy" does not exceed
14 $5,000,000,[3] that the "aggregate claims" do not exceed $5,000,000,[4] or that the
15 "maximum potential recovery" is less than $5,000,000.[5] In contrast, where plaintiff
16 alleges that the total "damages" do not exceed $5,000,000, but then additionally seeks
17 recovery of sums not properly considered damages, such as attorneys' fees, courts have
18 applied the preponderance-of-the-evidence standard. *See*, *e.g.*, *Trahan*, 2009 WL

---

[3] *See Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1227 (D. Haw. 2007); *Castillo v. Apple Core Enterprises, Inc.*, 09-CV-1622HRBB, 2009 WL 2849124 (S.D. Cal. Sept. 1, 2009) (legal-certainty standard applies where plaintiff alleges that "the amount in controversy does not reach or exceed Five Million Dollars."); *Hernandez v. Towne Park, Ltd.*, CV 12-02972 MMM JCGX, 2012 WL 2373372, at *6 (C.D. Cal. June 22, 2012); *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 13-CV-222 JSC, 2013 WL 2156280, at *4 (N.D. Cal. May 17, 2013).

[4] *See Green v. Staples Contract & Commercial, Inc.*, CV08-7138 SVWJWJX, 2008 WL 5246051, at *1 (C.D. Cal. Dec. 10, 2008); (applying legal-certainty standard where plaintiff alleges that "the aggregate claim is under the five million dollar threshold of the Class Action Fairness Act of 2005."); *Fletcher v. Toro Co.*, 08-CV-2275 DMS WMC, 2009 WL 8405058, at *1 (S.D. Cal. Feb. 3, 2009) (applying legal-certainty standard where plaintiff alleged that his "individual claims do not exceed the jurisdictional limit of $75,000 and the Class Members' claims as a whole do not exceed [CAFA's] jurisdictional limit of $5,000,000")

[5] *Campbell v. Vitran Express, Inc.*, CV-10-04442 RGK(SHX), 2010 WL 4971944, at *2 (C.D. Cal. Aug. 16, 2010) (legal-certainty standard applies where plaintiffs "expressly alleged that '[t]he maximum potential recovery as a result of this action is less than $5,000,000.'").

1  4510140, at *2.[6]

2  Here, plaintiff's allegation as to the amount in controversy resembles the allegations in *Lowdermilk*. Unlike those cases where a plaintiff pleads only that "damages" do not exceed $5,000,000, plaintiff here alleges that "the aggregate claims of the individual class members do not exceed the $5,000,000.00 jurisdictional threshold" under CAFA. [Compl., Doc. No. 1-5 ¶ 17.] Reference to "aggregate claims" encompasses all sums sought, rather than just those sums that "fall comfortably within the realm of 'damages.'" *Guglielmino*, 506 F.3d at 701. Thus, the court–consistent with its previous remand order and with the rulings of other district courts in the Ninth Circuit–finds that it is apparent from the face of plaintiff's complaint that CAFA's jurisdictional amount is not met. *Lowdermilk* therefore instructs that the legal-certainty burden applies.

   b.   *Lowdermilk* and *Standard Fire*

Defendants argue, however, that the legal-certainty standard is no longer applicable under these circumstances due to the Supreme Court's holding in *Standard Fire Ins. Co v. Knowles*, --- U.S. ----, 133 S.Ct. 1345 (2013), decided March 19, 2013. Defendants maintain that *Standard Fire* "effectively overturn[ed]" *Lowdermilk* and held "that a plaintiff's representation in the Complaint that the amount in controversy is under $5 million is entitled to no weight at all." [Doc. No. 12 at 5.] The court must therefore determine whether, in light of *Standard Fire*, it should continue to apply the holding from *Lowdermilk* on which it relied in its previous remand order, namely: "[W]here the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Lowdermilk*, 479 F.3d at 1000.

The plaintiff in *Standard Fire* filed a proposed class action against the defendant insurance company, claiming that "when the company had made certain homeowner's

---

[6] *See also Ray v. Wells Fargo Bank, N.A.*, CV 11-01477 AHM JCX, 2011 WL 1790123, at *4-5 (C.D. Cal. May 9, 2011); *Ray v. Nordstrom Inc.*, 2:11-CV-07277-JHN, 2011 WL 6148668, at *2 (C.D. Cal. Dec. 9, 2011).

insurance loss payments, it had unlawfully failed to include a general contractor fee." *Standard Fire*, 133 S.Ct. at 1347. The plaintiff sought to certify a class of possibly thousands of similarly harmed Arkansas policyholders. *Id.* As to the relief sought, plaintiff stated in the complaint: "Plaintiff and Class stipulate they will seek to recover total aggregate damages of less than five million dollars." *Id.* In addition, in an affidavit attached to the complaint, plaintiff stipulated that he "will not at any time during this case . . . seek damages for the class . . . in excess of $5,000,000 in the aggregate." *Id.*

Though the district court found that "but for" plaintiff's stipulation the amount in controversy would have exceeded $5,000,000, it remanded to state court in light of the stipulation. *Id.* at 1348. The Supreme Court reversed. *Id.* at 1350. The Court reasoned that stipulations must be binding, and a plaintiff who files a proposed class action cannot legally bind potential members of the class before the class is certified. *Id.* at 1348-49. The Court concluded:

> In sum, the stipulation at issue here can tie Knowles' hands, but it does not resolve the amount-in-controversy question in light of his inability to bind the rest of the class. For this reason, we believe the District Court, when following the statute to aggregate the proposed class members' claims, should have ignored that stipulation.

*Id.* at 1350. In its discussion, however, the Court reiterated that plaintiffs are masters of their complaints and an individual may properly stipulate to a lower recovery that binds only himself. *Id.*

Defendants here attempt to extend *Standard Fire* to hold that "a plaintiff's representation in the complaint that the amount in controversy is under $5 million is entitled to no weight at all." [Doc. No. 12 at 5.] It follows, defendants argue, that this case therefore shifts from one in which plaintiff pled below CAFA's jurisdictional threshold, thus requiring defendants to prove the amount in controversy to a legal certainty in order to remove, to one in which the amount in controversy is facially unclear or ambiguous, thus requiring defendants to prove the amount by only a preponderance of the evidence. [Doc. No. 1 ¶ 6.]

Defendants mischaracterize *Standard Fire*'s holding. *Standard Fire* addressed only whether a plaintiff could stipulate—for himself and an uncertified class—to a reduced recovery to remain in state court in an otherwise removable case. Plaintiff in *Standard Fire* did not allege an amount in controversy. Rather, he attempted to bind the class, through his stipulation, to a recovery less than $5,000,000, regardless of the amount actually in controversy. *Standard Fire*, 133 S.Ct. at 1347. But in *Lowdermilk*, as in the instant case, plaintiff alleged in good faith that the amount in controversy was less than $5,000,000. The Court in *Standard Fire* never suggested, explicitly or implicitly, that a district court must ignore a putative class representative's good faith allegation that the amount in controversy is less than the jurisdictional requirement. Because the Supreme Court in *Standard Fire* did not "undercut the theory or reasoning underlying [*Lowdermilk*] in such a way that the cases are clearly irreconcilable," *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003), *Lowdermilk*'s relevant holding remains good law. Other district courts in this circuit have similarly held that *Lowdermilk*'s legal certainty standard remains applicable after *Standard Fire*. *See Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 13-CV-222, 2013 WL 2156280, at *7 (N.D. Cal. May 17, 2013) ("As [*Standard Fire*] is not irreconcilable with *Lowdermilk*, this Court, and thus the parties, are bound by *Lowdermilk*); *Bell v. Home Depot U.S.A., Inc.*, 2:12-CV-02499-GEB, 2013 WL 1791920 (E.D. Cal. Apr. 26, 2013) (applying legal certainty standard where complaint contained allegation that "the aggregate amount in controversy for the proposed class action . . . is less than five million dollars").

2.  Defendants Do Not Satisfy *Lowdermilk*'s Legal-Certainty Standard

The court next determines whether defendants satisfy their burden of establishing to a legal certainty that the amount in controversy here exceeds $5,000,000. "The 'legal certainty' standard sets a high bar for the party seeking removal, but it is not insurmountable." *Lowdermilk*, 479 F.3d at 1000. Legal certainty is "something less than absolute certainty and more stringent than a preponderance of the evidence." *Kogok v. T-Mobile USA, Inc.*, 12-CV-1739-L WMC, 2012 WL 2888789, at *2 (S.D.

Cal. July 16, 2012). Defendants must produce enough "concrete evidence" to enable the court "to estimate with [some] certainty the actual amount in controversy." *Id.* at 1001. The court cannot base its jurisdiction on defendants' "speculation and conjecture." *Id.* at 1002. Defendants must set forth in the removal petition the underlying facts supporting their assertion that the amount in controversy exceeds $5,000,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In addition to defendants' notice of removal, the court looks to proffered "summary-judgment-type evidence." *Valdez v. Allstate Ins. Co.*, 372 F.2d 1115, 1117 (9th Cir. 2004); *Cohn v. Petsmart*, Inc., 281 F.3d 837, 840, n.1 (9th Cir. 2002).

Along with their notice of removal, defendants provide a declaration by Mary Ellen Marcilliat-Falkner, Senior Director of Employee Services & Administration for Manheim Investments. [Doc. No. 1-2 at 2.] In her declaration, Marcilliat-Falkner states that during the relevant period from January 1, 2008 to January 1, 2012, Manheim Investment's 1900 non-exempt employees worked a total of 476,865 shifts exceeding 5 hours and 553,027 shifts exceeding 3.5 hours. [*Id.* at 2-3.] She further declares that these employees' average wage was $11.66 per hour. [*Id.*]

Defendants extrapolate from these numbers to conclude that the amount in controversy for meal periods and rest breaks alone substantially exceeds $5,000,000, relying on plaintiff's assertions in the complaint that defendants had a "pattern and practice" of improper behavior. [Doc. No. 1 ¶ 16(b), (c); Compl., Doc. No. 1-5 ¶ 23.] They derive their calculation from Cal. Lab. Code § 226.7(b), which provides:

> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7(b). For instance, as to plaintiff's claim for failure to provide meal periods, defendants estimate that the amount of penalties potentially in controversy is $5,560,246. They reach this amount by multiplying the number of shifts exceeding 5 hours by the non-exempt employees' average hourly wage (476,865 shifts

x $11.66). Similarly, for plaintiff's rest period claim, defendants estimate an amount in controversy of $6,448,295 (553,026 shifts x $11.66). Combined, these amounts total $12,008,541, well in excess of CAFA's $5,000,000 jurisdictional amount. Further, defendants emphasize, if the court were to substitute California's minimum wage for the average non-exempt employee hourly wage of $11.66, the total amount in controversy would exceed $8,000,000, again in excess of CAFA's requisite amount in controversy. Finally, defendants contend that "these summary figures are conservative because they do not factor in the amount in controversy for Plaintiff's other claims." [Doc. No. 1 ¶ 17.]

Defendants' estimates, however, rely on a bold assumption, namely that defendants *never* allowed their non-exempt employees in California to take meal or rest breaks during the relevant period. But plaintiff alleges only that defendants had a "pattern and practice" of preventing employees from taking meal and rest breaks, not that defendants *never* permitted meal or rest breaks. Defendants engage in "speculation and conjecture," on which the court cannot base its jurisdiction when applying the legal certainty burden. *Lowdermilk*, 479 F.3d at 1001-02 (stating that a defendant must produce sufficient "concrete evidence" for a court to estimate with certainty the actual amount in controversy). While it is therefore possible that defendants' alleged behavior could put more than $5,000,000 in controversy, the court does not currently have the evidence necessary to verify that figure with legal certainty.[7]

Where defendants again fail to establish with legal certainty that the amount in controversy exceeds CAFA's jurisdictional requirement of $5,000,000, the court again finds it lacks jurisdiction over this action and accordingly **GRANTS** plaintiff's motion to remand. [Doc. No. 8] For the same reasons, defendants' alternative request under

---

[7] Defendants also submit the Ninth Circuit's recent decision in *Watkins v. Vital Pharmaceuticals*, Case No. 13-55755, slip. op. (9th Cir. July 2, 2013), as supplemental authority. [Doc. No. 17 at 2.] *Watkins* does not bear on the instant case. *Watkins* held that in a case where the amount in controversy was ambiguous on the complaint, the defendant's undisputed declaration that sales of the product at issue in the relevant period were over $5,000,000 was sufficient to establish the amount in controversy by a preponderance of the evidence. Here, the complaint is not ambiguous on its face and a legal certainty standard applies.

Federal Rule of Civil Procedure 60(b) that the court vacate its previous remand order in Case No. 3:12-cv-318 is denied. The court does not reach plaintiff's alternative argument that defendants' notice of removal was not timely filed.

B.  Plaintiff's Request for Attorneys' Fees

In addition to seeking remand, plaintiff also requests attorneys' fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Here, the court finds that defendants had an objectively reasonable basis for removal, where the Supreme Court only recently issued *Standard Fire* and few courts have addressed its effect on CAFA jurisprudence. Plaintiff's request for attorneys' fees is therefore denied.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** plaintiff's motion to remand but **DENIES** plaintiff's request for attorneys' fees. [Doc. No. 8.] The matter is accordingly **REMANDED** to San Diego County Superior Court. Defendants' motions to dismiss [Doc. Nos. 3, 4] are **DENIED AS MOOT**, without prejudice to renewal on remand.

**IT IS SO ORDERED.**

DATED: July 12, 2013

**CATHY ANN BENCIVENGO**
United States District Judge