

**FILED**
Mar 12 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ AKR   DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE L. IBARRA, an individual and DOES, 1-50, on behalf of themselves and in a representative capacity for all others similarly situated and on behalf of the general public,<br><br>      Plaintiffs - Appellees,<br><br>v.<br><br>MANHEIM INVESTMENTS, INC., a Nevada Corporation and COX ENTERPRISES, INC., a Delaware Corporation,<br><br>      Defendants - Appellants. | No. 14-56779<br><br>D.C. No. 3:13-cv-00857-CAB-BLM<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

      The judgment of this Court, entered January 08, 2015, takes effect this date.

      This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

      FOR THE COURT:
      Molly C. Dwyer
      Clerk of Court

      Rebecca Lopez
      Deputy Clerk

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE L. IBARRA, an individual; DOES, 1–50, on behalf of themselves and in a representative capacity for all others similarly situated and on behalf of the general public,<br>                *Plaintiffs-Appellees*,<br><br>v.<br><br>MANHEIM INVESTMENTS, INC., a Nevada Corporation; COX ENTERPRISES, INC., a Delaware Corporation,<br>                *Defendants-Appellants*. | No. 14-56779<br><br>D.C. No.<br>3:13-cv-00857-<br>CAB-BLM<br><br><br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted
December 8, 2014—Pasadena, California

Filed January 8, 2015

Before: Susan P. Graber, Ronald M. Gould,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Gould

## SUMMARY[*]

**Class Action Fairness Act / Amount in Controversy**

The panel vacated the district court's order remanding the putative class action to state court, and remanded to the district court to allow both parties the opportunity to submit evidence and arguments whether the $5 million amount in controversy requirement under the Class Action Fairness Act had been satisfied where the complaint did not include a facially apparent amount in controversy or may have understated the true amount in controversy.

The plaintiff putative class of employees sued in state court alleging violations of California's Labor Code, and explicitly alleging that damages did not exceed $5 million. Defendant Manheim Investments, Inc. removed the case to federal court under the Class Action Fairness Act, asserting more than $5 million was at stake based on a "pattern and practice" of labor law violations.

The panel held that because the complaint did not allege that Manheim universally, on each and every shift, violated labor laws by not giving rest and meal breaks, Manheim bore the burden to show that its estimated amount in controversy relied on reasonable assumptions. The panel also held that a remand to the district court was necessary to allow both sides to submit evidence – direct or circumstantial – related to the contested amount in controversy. The panel further held that if the damages assessment included assumptions, the chain

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of reasoning and the assumptions needed some reasonable ground underlying them. The panel concluded that Manheim relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence, and remanded on an open record for both sides to submit proof related to the disputed amount in controversy.

## COUNSEL

Thomas R. Kaufman (argued), and Paul Berkowitz, Sheppard, Mullin, Richter & Hampton LLP, Los Angeles, California, for Defendants-Appellants.

Raul Cadena (argued), Cadena Churchill, LLP, San Diego, California; Paul D. Jackson, JacksonLaw, LLP, San Diego, California, for Plaintiff-Appellee.

## OPINION

GOULD, Circuit Judge:

We must decide what proof a defendant seeking removal must produce to prove the amount-in-controversy requirement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), when the complaint does not include a facially apparent amount in controversy or the plaintiff may have understated the true amount in controversy.

CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any

defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *Id.* A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements, i.e., the one-year limitation under § 1446(c)(1) does not apply, the case may be removed even if one or more defendants are citizens of the state in which the action was brought, and the case may be removed by any defendant without the consent of co-defendants. *Id.* §§ 1441(a), 1453(b).

But even with this special liberalization, there still must be a requisite amount in controversy that exceeds $5 million. In this case, plaintiffs sued in state court alleging that damages do not exceed $5 million, and defendants Manheim Investments, Inc., and Cox Enterprises, Inc. (collectively, "Manheim"), removed the case to federal court, asserting that more than $5 million was at stake. The district court concluded that Manheim's proof of the amount in controversy was inadequate and remanded the case to state court. Manheim appealed, bringing the issue to us.

For the reasons that follow, we vacate and remand because neither side has submitted proof regarding the violation rate. As the Supreme Court has held, a removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Basin Operating Co. v. Owens*, No. 13-719, 2014 WL 7010692, at *6 (U.S. Dec. 15, 2014). When, as here, "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at *5 (citing 28 U.S.C. § 1446(c)(2)(B)). We conclude that "both sides" should have an opportunity to

submit evidence and argument to the district court in light of the standards we state here. We therefore vacate and remand for further proceedings consistent with this opinion.

I

The named plaintiff Jose Ibarra filed a putative class action in California state court on December 22, 2011, against his former employer, Manheim, alleging Manheim's violations of the California Labor Code for failure to pay minimum wages and overtime, failure to provide meal and rest periods, failure to furnish compliant wage statements, and failure to pay timely wages upon termination. In his complaint, Ibarra also asserted claims under the unfair business practices statute, and claims for theft of labor, declaratory relief, an accounting, and injunctive relief. Ibarra sought to represent a putative class of all current and former non-exempt hourly-paid employees of Manheim within four years before filing the complaint until the date of certification. Ibarra explicitly alleged in his complaint that "the aggregate claims of the individual class members do not exceed the $5,000,000 jurisdictional threshold for federal court under the Class Action Fairness Act."

Manheim removed the case to federal court, and the district court remanded the case to state court. The district court relied on our decision in *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994 (9th Cir. 2007), and held that Manheim did not prove to a legal certainty that the amount in controversy exceeded $5 million. But about three weeks later, the Supreme Court decided *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013), which held that a class action plaintiff's precertification stipulation that the plaintiff and the class will not seek damages over $5 million

does not preclude a defendant's ability to remove the case under CAFA.

Manheim filed a second notice of removal on April 9, 2013, in light of *Standard Fire*. The district court again remanded the case to state court on July 12, 2013, holding that *Standard Fire* was not irreconcilable with *Lowdermilk*. Manheim appealed the district court's remand order. While the appeal was pending, we decided *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 977 (9th Cir. 2013), in which we concluded that *Lowdermilk* had been overruled by *Standard Fire* and that "the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard." Pursuant to *Rodriguez*, we vacated the district court's July 12, 2013 remand order and remanded the case back to the district court.

On remand, plaintiffs renewed their motion to remand the class action to state court, Manheim opposed plaintiffs' motion, and plaintiffs filed a reply in support of their remand motion. The district court considered the amount-in-controversy question for a third time. After evaluating the record, the parties' briefs, and the evidence proffered by Manheim with its post-*Rodriguez* notice of removal, the district court concluded that Manheim had not satisfied its burden of proving that the amount in controversy exceeded $5 million, because Manheim did "not provide a basis in the complaint or in evidence for [its] assumption that plaintiffs were never provided breaks." The district court once more remanded the case to state court. Manheim petitioned for permission to appeal, which we granted on November 10, 2014.

## II

We have jurisdiction under 28 U.S.C. § 1453(c), and we review the district court's remand order *de novo*. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (per curiam). The parties do not contest CAFA's jurisdictional requirements of minimum diversity and class numerosity on appeal; the sole dispute is whether CAFA's requirement that the amount in controversy exceed $5 million is met here.

Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court. 28 U.S.C. § 1332(d). Congress intended CAFA to be interpreted expansively. S. Rep. No. 109-14, at 42 (Feb. 28, 2005). A defendant seeking removal must file in the district court a notice of removal "containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). The Supreme Court recently held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not contain evidentiary submissions. *Dart*, 2014 WL 7010692, at *6. But "[e]vidence establishing the amount is required" where, as here, defendant's assertion of the amount in controversy is contested by plaintiffs. *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at *5 (citing 28 U.S.C. § 1446(c)(2)(B)).

In determining the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

283, 289 (1938) (footnote omitted). Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged. *Rodriguez*, 728 F.3d at 981. In light of *Standard Fire*, 133 S. Ct. at 1350, this rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million. *Rodriguez*, 728 F.3d at 981. The parties may submit evidence outside the complaint, including affidavits or declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation marks omitted). Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.

This procedure is consistent with other circuits' decisions in challenges of CAFA jurisdiction. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 771–72 (11th Cir. 2010) (reviewing the defendant's declaration that made a "ministerial determination that the complaint called for" over $5 million and holding that "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] [t]hat kind of reasoning is not akin to conjecture, speculation, or star gazing").

When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a

federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one. But the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal. *Dart*, 2014 WL 7010692, at *6. Yet, when the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies. *Id.* Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure.[1]

---

[1] Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (holding that jurisdiction must be analyzed on the basis of pleadings filed at the time of removal and recognizing that damages may change as a result of post-removal events); *see also Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 998 (6th Cir. 1976) (acknowledging that the amount recoverable may drop below the jurisdictional limit as a result of discovery and application of a legal defense, but the post-removal event does not deprive the district court of federal jurisdiction).

## A

Manheim calculated the amount in controversy as follows.[2] Manheim relied on a declaration of its senior director of employee services and administration, which had a table listing all of its non-exempt employees and their corresponding number of shifts worked in excess of 5 hours and 3.5 hours during the relevant class period. Per this table, Manheim employed about 1,900 non-exempt employees in California from January 1, 2008, to December 31, 2012, and these employees worked 476,865 shifts of more than 5 hours and 553,027 shifts of more than 3.5 hours during this period. The average hourly wage of these employees was $11.66. Assuming that each class member missed one meal break in a 5-hour shift and that each class member missed one rest break in a 3.5-hour shift, Manheim estimated the amount of meal period penalties at issue to be $5,560,246 ($11.66 x 476,865 shifts) and the amount of rest break penalties at issue to be $6,448,295 ($11.66 x 553,027 shifts).

Manheim's method of calculation assumed that Manheim denied each class member one meal break in each of their 476,865 5-hour shifts and one rest break in each of their 553,027 3.5-hour shifts. Manheim based its violation-rate assumption on the allegations in the complaint that Manheim has a "pattern and practice of failing to pay their Non-Exempt

---

[2] Although the complaint alleged multiple labor law violations, including failure to pay minimum wages and overtime, failure to provide meal and rest periods, failure to furnish compliant wage statements, and failure to pay timely wages upon termination, Manheim calculated the potential damages only for its alleged meal and break period violations and contends that the amount in controversy for the meal and break penalties alone exceeds $5 million. If so, for purposes of assessing CAFA jurisdiction, there is no need to calculate damages on other claims.

employees for working off-the-clock," and that Manheim "hide[s] behind written policies that purport to forbid these unlawful labor practices while at the same time maintaining an institutionalized unwritten policy that mandates these unlawful practices."

**B**

We agree with the district court that a "pattern and practice" of doing something does not necessarily mean *always* doing something. The complaint alleges a "pattern and practice" of labor law violations but does not allege that this "pattern and practice" is universally followed every time the wage and hour violation could arise. In fact, the named plaintiff Ibarra alleged that he worked overtime hours without compensation on "multiple occasions during his employment," suggesting that Manheim's practices occurred several times but not on each and every shift. Because the complaint does not allege that Manheim universally, on each and every shift, violates labor laws by not giving rest and meal breaks, Manheim bears the burden to show that its estimated amount in controversy relied on reasonable assumptions. While it is true that the complaint alleges that Manheim maintains "an institutionalized unwritten policy that mandates" the employment violations alleged in the complaint, including the denial of meal and rest periods, this does not mean that such violations occurred in each and every shift.[3]

---

[3] In its initial notice of removal filed with the district court, Manheim analyzed the rest and meal break violations as if they occurred, on average, twice a week, but then it shifted to a 100% violation rate calculation, i.e., assuming that violations occurred in every identified shift for each class member, without giving any evidentiary explanation.

12           IBARRA V. MANHEIM INVESTMENTS

A remand is necessary to allow both sides to submit evidence related to the contested amount in controversy. As with other important areas of our law, evidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them.

C

Here, Manheim relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence. Ibarra contested the assumption, but did not assert an alternative violation rate grounded in real evidence, such as an affidavit by Ibarra asserting how often he was denied meal and rest breaks. We remand on an open record for both sides to submit proof related to the disputed amount in controversy, and the district court must then determine if a preponderance of the evidence shows that the amount in controversy exceeds $5 million, *Dart*, 2014 WL 7010692, at *5. Manheim, as the removing defendant, has the burden of proof on this. *Abrego Abrego*, 443 F.3d at 684. Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction.

The parties, pursuant to Federal Rule of Appellate Procedure 28(j), submitted conflicting letters in support of their proposed procedures to submit proof when the amount in controversy is contested. Manheim contends that plaintiffs cannot "simply say nothing and offer no evidence of amount in controversy at all." Plaintiffs contend, on the other hand, that plaintiffs' motion to remand need not include evidence and is allowed to "be based on the fact that Defendant's

IBARRA V. MANHEIM INVESTMENTS 13

evidence is insufficient to meet the burden of proof," and that requiring plaintiffs to submit evidence first "would fundamentally switch to plaintiffs the burden of defeating subject-matter jurisdiction." The Supreme Court did not decide the procedure for each side to submit proof on remand,[4] and here we need not decide the procedural issue, either. Rather, we remand with instructions to the district court to consider the parties' briefs on this issue and set a reasonable procedure in the first instance so that each side has a fair opportunity to submit proof.

### III

We vacate the district court's judgment and remand on an open record for further proceedings consistent with this opinion.[5]

**VACATED and REMANDED**. Each party shall bear its own costs on appeal.

---

[4] Without deciding the procedure under which the parties should submit proof, the Supreme Court stated in *Dart* that "[i]n such a case [when the defendant's assertion of the amount in controversy is challenged], both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 2014 WL 7010692, at *5.

[5] The district court may hold such further proceedings as it thinks appropriate to permit the parties to submit their evidence and arguments for and against propriety of removal.